THE PEOPLE ex rel. ADOLPH WALDMAN, Appellant, *v.* THE BOARD OF POLICE COMMISSIONERS et al., Respondents.

The Supreme Court has discretionary power to grant or withhold a common-law *certiorari,* and the exercise of this discretion cannot be reviewed here.

Unreasonable delay in applying for the writ is a good ground for quashing it after hearing on a return thereto.

The provision of the Code of Civil Procedure regulating appeals to this court in such cases (§ 190, subds. 2, 3), does not differ in meaning from that of the Code of Procedure.

*People ex rel. Citizens Gas Co.* v. *Bd. of Assessors* (39 N. Y. 81); *People ex rel. Vanderbilt* v. *Stilwell* (19 N. Y. 531), distinguished.

(Argued October 11, 1880; decided November 9, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term which quashed a writ of *certiorari*, on hearing upon a return to the writ.

The writ was obtained to review the proceedings of the board of police commissioners of the city of New York, removing the relator from the position of clerk in the police department.

The relator was removed April 1, 1876; he applied for the writ March 1, 1878.

*E. H. Benn* for appellant.

*D. J. Dean* for respondents. The granting or refusal of a common-law writ of *certiorari* rests in the discretion of the court, and the exercise of such discretion is not reviewable here. (*People* v. *Supervisors of Allegany*, 15 Wend. 198; *People* v. *Mayor, etc., of N. Y.*, 2 Hill, 9; *Matter of Mt. Morris Square*, id. 14; *People* v. *Mayor of N. Y.*, 5 Barb. 43; *People* v. *City of Rochester*, 21 id. 656; *People* v. *Stilwell*, 19 N. Y. 531.) Unreasonable delay in applying for the writ is good ground for refusing it or quashing it, even after a hearing on the merits. (*People* v. *Supervisors of Allegany*, 15 Wend. 198; *People* v. *Mayor*, 2 Hill, 12, 13; *People* v. *Stilwell*, 19 N. Y. 531.) It is the right and duty of the court to exercise a discretion in the allowance of such writs, and to refuse the same when injury or inconvenience to the public would be consequent upon such allowance, even when the relator has no other remedy. (*Matter of Mt. Morris Square*, 2 Hill, 14; *People* v. *Landreth*, 1 Hun, 544; *People* v. *Hill*, 1 N. Y. Sup. Ct. 154; *People* v. *Schoonmaker*, 50 N. Y. 548.) The review by *certiorari* will not usually be allowed after the expiration of time to appeal, and circumstances may render a shorter delay unreasonable. (*People* v. *Hill*, 53 N. Y. 549; *People* v. *The Mayor*, 2 Hill, 12; *Elmendorf* v. *The Mayor*, 25 Wend. 693.)

DANFORTH, J. The order made by the Special Term was that the writ be quashed, and it was intimated upon the argument that under the practice of this court in such cases the appeal must be dismissed, but at request of the appellant's counsel the case was held, to enable him to hand up points and authorities to the contrary. We are still of the opinion that this trouble might have been spared. It had been frequently decided that the Supreme Court has a discretionary power to grant or withhold a common-law *certiorari*. (*In re Mount Morris Square*, 2 Hill, 28; *People ex rel. Vanderbilt* v. *Stilwell*, 19 N. Y. 531; *People ex rel. Davis* v. *Hill*, 53 id. 547; *People ex rel. Hudson* v. *Board of Fire Commissioners*, 77 id. 605.) In these (and many other cases to the same effect might be cited) it was held that unreasonable delay in applying for the writ might be a ground for refusing it, and for quashing it even after a hearing on a return thereto. We cannot distinguish this case from those cited.

The relator was removed from office April 1, 1876. The writ of *certiorari* was applied for March 1, 1878. This delay might well be considered unreasonable, and as amounting to acquiescence in the action of the department. Such a question was not presented in *The People ex rel. The Citizens' Gas Co.* v. *The Board of Assessors* (39 N. Y. 81); the facts in that case are palpably unlike those now before us, and the learned judge who there delivered the opinion seems to have regarded it as an exception to the general rule. In *Stilwell's Case* (19 N. Y. 531), a distinction is suggested upon which an appeal might lie, but it does not avail the appellant, for in the case before us the Supreme Court neither annulled nor affirmed the proceedings complained of; nor does the language of the New Code, to which we are referred (§ 190, subds. 2 and 3), differ in meaning from that of the old (§ 11), which was in force when the cases above referred to were decided.

We think the appeal should be dismissed.

All concur.

Appeal dismissed.