## CROSBY *v.* PROBATE COURT.

THE WRIT OF CERTIORARI IS NOT AWARDED AS A MATTER OF RIGHT, but the granting or refusing of it lies in the sound discretion of the court.

THE TIME WITHIN WHICH THE WRIT WILL ISSUE is, by analogy, limited to that within which writs of error will lie, or appeals may be taken. It must be on an extraordinary state of facts, and under very peculiar circumstances which would justify its issuance after that time.

THE GRANTING OF A MOTION TO QUASH THE WRIT, like its issuance, is a matter of discretion. On the hearing of a motion to quash, it is not error to receive affidavits which advise the court as to the wisdom and prudence of the exercise of its discretion.

APPEAL from the third district court. Writ of *certiorari* to review a decree of divorce by the probate court of Salt Lake county, entered May 9, 1873. Quashed on motion of Sarah K. Stephenson. On the hearing of the motion to quash, Sarah K. Stephenson filed and used affidavits of herself and others, upon the merits of her original application for divorce, and among other things, showing that, relying upon the supposed legality of the divorce, she had in 1878 contracted a second marriage; and stated other facts why the writ should be quashed. The other facts appear in the opinion.

*J. S. Boreman,* for the appellant.

The remedy by writ of *certiorari* is not barred by lapse of time. No time bars a void judgment. And in this case good reasons, to wit, desire for reconciliation and the appellant's pecuniary embarrassment, are given for the delay, even if it had been a voidable judgment merely. Time does not give validity to a void act: *Holyoke* v. *Haskins,* 5 Pick. 20.

The court below should have confined its consideration to the matter of jurisdiction: Comp. Laws, 1665, 1666, p. 522; *Golding* v. *Jennings,* 1 Utah, 138.

It is not the part of sound judicial discretion to uphold the divorce granted in the probate court. If it be void, there can no harm come to respondents for the court to say so.

Subsequent marriage of one of the parties should not prevent the court from vacating the judgment of the probate court: *Allen* v. *McLellan,* 12 Pa. St. 328.

The affidavits ought to have been rejected by the court below. They were devoted almost entirely to detailing matters in

regard to the merits of the case, whereas the return to the writ was conclusive as to the facts, and no extrinsic evidence was authorized either to support or overthrow the decree: *Duggen* v. *McGruder,* 12 Am. Dec. 536, and cases there cited.

*Sutherland & McBride,* for the respondents.

In support of the action of the court below, we insist here, as we did there: 1. That the writ of *certiorari* was barred by lapse of time, and we cite the following authorities to sustain the proposition: Comp. Laws, sec. 1110; 5 Wait's Pr. 468; 25 Wend. 693; 2 Hill (N. Y.), 914; 53 N. Y. 541; 42 Cal. 254.

2. The issuance of the writ of *certiorari* is discretionary: 5 Wait's Pr. 455, 459, 460; 45 How. Pr. 289; 2 Hill (N. Y.), 9, 12, 28.

If the writ be one in the discretion of the court, the admission of proofs appealing to that discretion were proper, and such is the practice, as the citations show.

EMERSON, J.:

On the third day of November, 1880, the appellant applied to the third district court for a writ of *certiorari* to the probate court for the county of Salt Lake, upon an affidavit, stating in substance that he was married to one Sarah Kay, in February, 1862; that on the sixth day of May, 1873, his wife, then Sarah Kay Crosby, petitioned the probate court of Salt Lake county for a decree of divorce from him; that on the ninth day of May, three days thereafter, the said probate court assumed to grant said divorce; that the same was done without notice, either actual or constructive, to him, and that it was done without his knowledge or consent; that the grounds set up in the petition for divorce were false and fraudulent.

The writ was granted upon this application, and without notice to the respondents.

Upon the return day of the writ the respondents appeared and moved to quash the same upon the grounds—1. That the remedy is barred by lapse of time, and no sufficient reason appears for the plaintiff's right, and the contrary appears; 2. On the merits of the writ the applicant has no right to in-

voke the exercise of the discretion of the court in his behalf, and the writ is discretionary; 3. The support of the writ would do a great and irreparable injury to some of the defendants, and would not benefit the plaintiff; 4. The plaintiff has an adequate and complete remedy by ordinary proceedings at law.

Several affidavits were filed with the motion and in support thereof, to the reading of which, upon the hearing, the appellant objected, upon the ground that they were irrelevant and immaterial. The objection was overruled and exception taken. The motion to quash the writ was granted, and this appeal is from the order of dismissal.

The appellant files several specifications of error, only two of which will be noticed, as they will dispose of the whole case. The first is, that the court erred in allowing the affidavits filed with the motion to be read at the hearing thereof. It is a well-settled and established doctrine that the writ of *certiorari* is not awarded as a matter of right, but the granting or refusing it lies in the sound discretion of the court. Neither does it follow that because a party has no other remedy than *certiorari* that he can necessarily have that remedy, considerations of public interest may outweigh the importance of correcting the error complained of: *People* v. *Mayor of New York,* 2 Hill (N. Y.), 9.

A motion to quash the writ, like the granting of it, is addressed to the sound discretion of the court, and the admission of proofs, appealing to that discretion, were proper, as it could be best exercised after hearing the facts. The settled practice is, that this motion may be made after the return of the writ, and if the court is then satisfied that it was improvidently issued, or that justice and equity, or a regard to considerations of public policy and public convenience, require such a decision in respect to it, the writ will be dismissed, without passing upon the merits of the particular questions raised or designed to be raised by it for review.

There was no error in allowing the affidavits to be read on the hearing of the motion. The record discloses the fact that without them great injury and wrong might have been done

some of the parties. Without them, the discretion of the court could not have been wisely or prudently exercised.

The second assignment of error, and the only other one we shall consider, is, that the court erred in granting and sustaining said motion to quash said writ of *certiorari*.

The record discloses the fact that in 1873, and soon after the proceedings in the probate court, the appellant was informed of what had taken place. No steps were taken by him in reference thereto until the filing of this petition, over seven years thereafter.

Courts generally limit the time within which this writ will be issued, by analogy, to that within which appeals can be taken, or writs of error will lie. It must be an extraordinary state of facts and very peculiar circumstances which would justify its issuance after that time. No sufficient excuse is given for the great delay in this case.

The judgment of the court below is affirmed, with costs.

HUNTER, C. J., and TWISS, J., concurred.