| 95 | 531 |
| 114 | 610 |

CITY OF DETROIT v. SIMON J. MURPHY AND NANCY C. AVERY.

| 95 | 531 |
| 124 | 523 |

| 95 | 531 |
| s55ᴺᵂ | 441 |
| 130 | ¹403 |

*Certiorari—Street-opening proceedings—Laches.*

1. At common law the writ of *certiorari* is not one of right, and should not be granted after any considerable delay, unless the court is satisfied that it is not due to the petitioner's negligence.

2. This rule is especially applicable in a street-opening case, where there are a large number of co-respondents interested in the proceeding, who must be presumed to have acquiesced in the verdict and complied with all further requirements, and who might be seriously prejudiced if the judgment were disturbed; citing *In re Lantis*, 9 Mich. 324; *Farrell v. Taylor*, 12 Id. 113; *Bresler v. Ellis*, 46 Id. 335; *Mathias v. Mason*, 66 Id. 524.

*Certiorari* to recorder's court of Detroit to review a street-opening proceeding. (Chambers, J.) Argued April 18 and 19, 1893. Writ dismissed May 31, 1893. The facts are stated in the opinion.

*F. G. Russell* (*Wells, Angell, Boynton & McMillan,* of counsel), for respondents, and plaintiffs in *certiorari*.

*Frank A. Rasch* and *David E. Heineman,* for petitioner, and defendant in *certiorari*.

McGRATH, J. This is *certiorari* to review a street-opening proceeding had under the general law (3 How. Stat. § 3064*a et seq.*), in which there were some 35 respondents. The proceeding was commenced August 25, 1891. The verdict was filed March 5, 1892, and was confirmed March 29, 1892. The writ of *certiorari* was allowed September 12, 1892. The plaintiffs in *certiorari* appeared in said proceeding, as did all of the respondents, except six, and all the errors alleged relate to proceedings anterior to the verdict of the jury. Indeed, it is conceded by counsel for plaintiffs in *certiorari* that they are here because of dissatisfaction with the assessment made against them to pay costs and compensation.

Section 3064*l* provides that any aggrieved party may appeal from the judgment of confirmation by filing a written notice with the clerk of the court within five days after such confirmation. Section 3064*o* contemplates that after the time for appeal shall have expired the clerk shall transmit to the council a certified copy of the verdict and judgment; that the council shall then determine whether the whole or any part of the cost of the proposed improvement shall be assessed upon the district benefited, and upon what district, and what amount; and that the amount so determined upon shall be levied and collected. Section 3064*p* contemplates that within one year after final judg-

ment of confirmation the council shall set apart, and cause to be provided in the treasury, unless already provided, the amount to pay the several awards, and direct such payment, and that whenever said amount is provided in the treasury the council may take possession of and use the property for the purposes for which it was taken.

It is conceded that the assessment has been made, and it appears that the amount assessed against plaintiffs in *certiorari* is less than the amount awarded to them as damages. It does not appear that other persons to whom damages were awarded have not accepted such awards, or that other persons against whom assessments were made have not paid such assessments, or that the city has not taken possession of said property for the purposes of a street. It is alleged that six of the respondents were not properly summoned to appear in said proceedings, but each of said persons was awarded damages, and it does not appear that such awards have not been accepted by such persons. For nearly six months after the judgment of confirmation, plaintiffs in *certiorari* acquiesced in the judgment which it is here sought to vacate. We must assume that in the mean time the common council had proceeded, under the law, to collect assessments and pay awards. The statute gave to plaintiffs in *certiorari* a complete and adequate remedy. They contested this proceeding, and the confirmation of the verdict, raising the very questions which are here raised.

The statute under which these proceedings were taken makes no provision for review by *certiorari*. At common law the writ is not one of right, and should not be granted after any considerable delay, unless the court is satisfied that the delay is not due to the petitioner's negligence. This rule is especially applicable in a case like the present, where there are a large number of co-respondents interested in the proceeding, who must be presumed to have

acquiesced in the result and complied with all further requirements, and who might be seriously prejudiced if the judgment were now disturbed. The case is ruled by *In re Lantis*, 9 Mich. 324; *Farrell v. Taylor*, 12 Id. 113; *Bresler v. Ellis*, 46 Id. 335; *Mathias v. Mason*, 66 Id. 524.

The writ must therefore be dismissed, with costs.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.