THE PEOPLE ex rel. THE COMMERCIAL MUTUAL INSURANCE
COMPANY, Appellant, *v.* THE TAX COMMISSIONERS OF THE
CITY OF NEW YORK, Respondent.

While, *it seems*, the issuance of a common-law writ of certiorari is discretionary, and where the Supreme Court in the exercise of its discretion withholds or quashes the writ, its action may not be reviewed on appeal to this court, this rule does not apply to a writ issued to review assessments as authorized by the act of 1880 (Chap. 269, Laws of 1880), as the right to the writ and to an appeal is expressly given by the statute. (§ 7.)

Where the review of an assessment upon the ground of its illegality is sought under the provisions of said act, while the petition for the writ of certiorari must specify "the grounds of the alleged illegality," only the conclusions of fact need be stated, not the evidence necessary to support them; the petition is, in this respect, in the nature of a pleading.

The petition of the relator, an insurance company, for a writ to review an assessment upon its personal property, stated, in substance, that it "duly protested" before the commissioners of taxes and assessments, claiming that by the laws of the state such property was and now is exempt from assessment or taxation, and demanded that the assessment thereon be stricken from the book of assessments; that notwithstanding the demand said commissioners completed their rolls, including therein the assessment complained of. Following this was an averment that the assessment was illegal, void and erroneous, and as grounds of illegality and error the petition stated that the commissioners had overestimated the valuation of certain items of property which were specified. The petition concluded with the prayer that the assessment in question be "set aside and vacated." Upon the hearing on the return to the writ, the relator waived its claim of over-valuation, whereupon a motion to quash the writ was granted on the ground that it failed to state as a ground of illegality that the property was exempt. *Held,* error; that the petition specified two grounds of illegality and error; one, an over-valuation; the other, an illegal assessment of the personalty, and while not separately numbered they were distinctly stated; that the act making the assessment complained of illegal (Chap. 679, Laws of 1886) being general, judicial notice would be taken of its provisions, and it was not necessary to set it forth in the petition.

Also, *held*, that the order was reviewable here.

(Argued January 14, 1895; decided January 22, 1895.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made December 14,

1894, which affirmed an order of Special Term quashing a writ of certiorari to review proceedings of the tax commissioners of the city of New York.

The facts, so far as material, are stated in the opinion.

*Esek Cowen* and *Silas Brownell* for appellant. Without reference to the statement in the petition as to what occurred upon the hearing before the commissioners, which the court below said was mere recital, there was enough stated in the petition to give the court jurisdiction. (*In re Corwin*, 135 N. Y. 252; Laws of 1886, chap. 679.) The statement in the petition of what occurred at the hearing before the commissioners is not a recital, but a positive statement of the facts essential to the relief demanded, and unmistakably points out and specifies the precise act of the commissioners which the petitioner claims to be illegal, and which the court is asked to review and correct. (*Barhyte* v. *Sheperd*, 35 N. Y. 250; *People* v. *Comrs. of Taxes*, 99 id. 257.)

*David J. Dean* for respondent. The order quashing the writ is not appealable to this court. (*People ex rel.* v. *Comrs. of Taxes*, 85 N. Y. 655; *People ex rel.* v. *Police Comrs.*, 82 id. 507.) The power of the court to review by certiorari under chapter 269 of the Laws of 1880 is restricted to granting relief upon the grounds specified in the petition. (*People ex rel.* v. *Tierney*, 57 Hun, 361; 126 N. Y. 166; *People ex rel.* v. *Comrs. of Taxes*, 99 id. 257.) The allegation in respect to the objection made before the tax commissioners is insufficient, under the statute, to present the ground of illegality as a reason for vacating the assessment. (*In re Corwin*, 135 N. Y. 245; Laws of 1880, chap. 542; Laws of 1886, chap. 697; *People ex rel.* v. *Coleman*, 126 N. Y. 442.) Upon the record in this case the relator must be deemed to admit the facts alleged in the return in relation to the agreement to waive the right to exemption of its property to taxation for local purposes. (*Sentenis* v. *Ladew*, 140 N. Y. 463; *Read* v. *Tillotson*, 24 Wend. 337; *In re Cooper*, 93 N. Y. 507; *Mac-Lean* v. *W., etc., Co.*, 138 id. 158; *Hilton* v. *Fonda*, 86 id. 339.)

HAIGHT, J.   The writ in this case was issued to review the assessment of the relator's personal property.  It is claimed that there was an over-valuation, and that it was exempt under chapter 679 of the Laws of 1886.  Upon the hearing the relator waived its claim of over-valuation, and thereupon the respondents moved to quash the writ for the reason that the petition failed to state, as the ground of illegality of the assessment, that the personal property of the relator was exempt from taxation, and this motion was granted.

There appears to be no doubt as to the rule under which these questions are to be determined.  If it is claimed that the assessment is illegal, the statute requires the grounds of the alleged illegality to be stated.  (Laws of 1880, chapter 269, sec. 1.)   The petition is in the nature of a pleading, and only conclusions of fact need be stated and not the evidence necessary to support them.  (*Matter of Corwin,* 135 N. Y. 245, 252.)

Among other things, it is alleged in the petition that the relator was and is a corporation duly created by and under the laws of the state of New York, authorized and empowered to transact the business of fire insurance, a resident of the state of New York, and that it had been assessed for the year 1889, on both real and personal property ; that prior to the first day of May, 1889, it " duly protested, claimed, insisted and demanded from said commissioners of taxes and assessments, that all the personal property and bank shares of said corporation was, on the second Monday of January, 1889, by the laws of the state of New York, exempted, and now is exempt from assessment or taxation, and that the said commissioners of taxes and assessments omit and strike from the book of annual record of the assessed valuation of real and personal estate of the city of New York, the name of the said corporation, and the amount inserted therein as the valuation and assessment of the personal property and bank shares of said corporation for the year 1889, upon the ground that all the personal property and bank shares of the said corporation is exempted from assessment or taxation by the laws

of the state of New York, and also that the said commissioners make no assessment or valuation of the personal property or bank shares of said corporation for the purpose of taxation for state purposes." It then appears from the allegations of the petition that notwithstanding the demand thus made upon the commissioners of taxation and assessment, they proceeded to complete the rolls including therein the personal property of the relator, and transmitted the same to the board of aldermen of the city. It is then further alleged: "And your petitioner shows that the said assessment upon the said valuation of personal property and bank shares for purpose of taxation and said assessment is illegal, invalid and void and erroneous, and that your petitioner will be injured by such illegal and erroneous assessment, and your petitioner specifies the following grounds of illegality and error: That the said commissioners have overestimated the valuation of scrip representing the capital and surplus for the purpose of taxation, and illegally and erroneously included in their valuation of the personal property of the said corporation on said roll the sums following, to wit:" etc. Then follows the statement of the various sums representing the value of the different items of personal property belonging to the relator, in some of which it was also alleged to be an over-valuation. The petition then concludes with the prayer "that the assessment upon said petitioner for or in respect of said personal property may be set aside and vacated."

It will be observed from the language quoted that the petitioner specifies two grounds of illegality and error, and while they are not separately numbered, they are distinctly stated, so that no doubt is left in reference to the intention of the petitioner. To number them they would read as follows: *First.* "That the said commissioners have overestimated the valuation of scrip, representing the capital and surplus for the purposes of taxation;" and, *second,* "illegally and erroneously included in their valuation of the personal property of the said corporation on said rolls the following sums, to wit:" etc.

The grounds of illegality were the including in the assessment roll a valuation of the relator's personal property. The statute making such act illegal being general, judicial notice will be taken of its provisions, and it was not necessary to set it forth in the petition.

The wording of the petition could be improved and made more clear, but we are inclined to the view that taking into consideration the allegations of the petition to which attention has been called, it sufficiently specifies the grounds upon which it is claimed the assessment is illegal.

The commissioners in their return have alleged that when the act exempting the personal property of corporations of this character was pending before the legislature, they arranged to oppose its passage, and that then it was agreed on behalf of the relator to waive any such right of exemption if the act was permitted to become a law. We do not understand this question to be now before us for determination, for under the arrangement of counsel the relator waived its claim to overvaluation only, and the motion to quash was confined to the sufficiency of the petition.

We think the case is appealable to this court. It is true that the issuance of a common-law writ of certiorari is discretionary; that if the Supreme Court in the exercise of its discretion withholds or quashes the writ, its action in that regard cannot be reviewed on appeal to this court. (*People ex rel. Waldman* v. *Board of Police Commissioners*, 82 N. Y. 506; *People ex rel. Haneman* v. *Board of Tax Commissioners*, 85 id. 655.) But the statute under consideration gives parties aggrieved the right to the writ to review assessments in certain cases, and in the statute the right to appeal is expressly given. (Laws of 1880, chapter 269, sec. 7.)

The orders of the General and Special Terms should be reversed, with costs, and proceedings remitted to the court below for further action.

All concur.

Ordered accordingly.