THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BLEECKER STREET AND FULTON FERRY RAILROAD COMPANY, Respondent, *v.* EDWARD P. BARKER and Others, · Commissioners of Taxes and Assessments of the City and County of New York, and THE BOARD OF ALDERMEN OF THE CITY OF NEW YORK, Appellants.

*Taxation of corporations — basis thereof.*

The market value of the shares of stock of a corporation is an erroneous basis for determining the amount of its capital liable to taxation. It is the value of corporate assets constituting the capital and not the value of its shares in the hands of individual owners which is the subject of taxation.

APPEAL by the defendants, Edward P. Barker and others, as commissioners of taxes and assessments of the city and county of New York, and The Board of Aldermen of the City of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of December, 1894, vacating and setting aside an assessment against the personal property of the relator and directing the repayment by the defendant The Board of Aldermen of the City of New York of a portion of the tax paid by the relator thereon.

In this case a certiorari was issued to review an assessment for taxation on the personal property of the relator upon a valuation of $133,050. The record consists of the petition for the writ and the return thereto, from which it appears that the relator made application to the commissioners to have said assessed valuation corrected, and in support of such application submitted a statement, in writing, upon a printed blank furnished by the commissioners, which is as follows:

" DEPARTMENT OF TAXES AND ASSESSMENTS,
COMMISSIONERS' OFFICE,
STAATS ZEITUNG BUILDING, TRYON ROW.

" Please state the full name of the corporation.

" Statement made and delivered to the Commissioners of Taxes and Assessments of the city and county of New York for and in behalf of the Bleecker Street and Fulton Ferry Railroad Company of the city of New York, showing its condition for the purpose of assessment on the second Monday of January, 1890.

Total gross assets................................. $

Capital stock actually paid in or secured to be paid in..

Amount of surplus earnings........................

Rate of dividend for last year or last annual dividend..

$ _____

"Is the Company assessed by the State under chapter 361, Laws of 1881, and the amendatory acts? Yes; paid by the Twenty-third Street Railway Co.

"Liabilities in detail, as follows:

"The whole rights of this Company are leased to the Twenty-third Street Railway Company. The Bleecker Street Company has no assets and no real estate.

"Assessed value of real estate — Being foundation, roadbed and superstructure.

"Describing particularly by ward numbers.

| "Ward Map No. 2010, | 2d ward.................. | $7,000 00 |
|---|---|---|
| " 1502, | 4th " .................. | 4,000 00 |
| " 1303, | 6th " .................. | 6,000 00 |
| " 5003, | 9th " ................ ...... | 10,250 00 |
| " 4464B, 14th | " .................. | 6,100 00 |
| " 4002, 15th | " .................. | 6,800 00 |
| " 4704, 16th | " .................. | 6,800 00 |
| | | $46,950 00 |

"Amounts invested in the stocks of other corporations

which are taxed upon their capital............... $     None.

"Amount invested in United States securities........     None.

"(If the stock of the Company is worth less than par, state the actual value, and give the facts under oath, which will justify such estimate of its value.)

"The highest price at which the stock has sold during the year is $25 per share, and most of the sales have been under that price.

"The principal office or the place of transacting the financial business of the said corporation is situated in the Sixteenth Ward of the City of New York, at No. 621 West Twenty-third street."

*David J. Dean*, for the appellants.

*Thomas P. Wickes* and *John F. Lambias*, for the respondent.

O'BRIEN, J. :

It is insisted upon this appeal that the writ of certiorari should be quashed because it appears that none of the grounds specified in the petition was presented to the assessors, and those not specified must be considered waived, and because upon the application to the assessors the assessment as made was warranted by the facts disclosed.

The question of the sufficiency of the petition and the return we think is disposed of adversely to the appellants by the case of *People ex rel. Commercial Mut. Ins. Co.* v. *Coleman* (144 N. Y. 483). As to the facts disclosed warranting the assessment, we think it therefrom appears that the method resorted to was erroneous, in that it was based upon the market value of the shares of the corporation, which, as held in *People ex rel. The Union Trust Company* v. *Coleman* (126 N. Y. 433), was an erroneous basis for determining the amount of the capital of the corporation liable to taxation. It was therein held that it is the corporate assets constituting the capital, and not the value of its shares in the hands of individual owners, that is the subject of taxation.

We think, therefore, that the order was right and should be affirmed, with costs.

VAN BRUNT, P. J., concurred.

Order affirmed, with costs..