(Supreme Court, Special Term, Onondaga County.  September, 1897.)

MUNICIPAL TAXATION—ASSESSMENT—INEQUALITY—PLEADING.

> The provision of Laws 1896, c. 908, § 250, that any person claiming to be aggrieved by reason of his property being assessed at a higher proportionate valuation than any other property on the same roll may file his petition with the supreme court, stating, among other things, instances in which such inequality exists, and the extent thereof, is not sufficiently complied with by a petition that alleges generally that petitioner's property is assessed at a higher proportionate value than that of other owners, naming the value of petitioner's property, and that the assessment of other property does not exceed 50 per cent. of its full value on the average.

Certiorari by the people, on the relation of the New York Central & Hudson River Railroad Company, against Arthur Budlong and others, as assessors of the town of Schuyler, Herkimer county.   On motion to quash and dismiss the writ on the ground that the petition on which it was based did not contain allegations sufficient to give the court jurisdiction.   Granted.

Smith & Thomas, for the motion.
Harris & Harris, opposed.

HISCOCK, J.   The sole ground upon which these proceedings were instituted and the writ issued therein asked for is that there is inequality between the assessment of relator's property in the town of Schuyler and that of other owners of real and personal property in said town, and the only question really urged upon this motion is that the allegations of the petition upon this subject are insufficient to authorize or sustain the writ.   Section 250, c. 908, Laws 1896, under which the application for the writ was made, provides that:

"Any person assessed upon any assessment-roll, claiming to be aggrieved by any assessment for property therein, may present to the supreme court a petition duly verified setting forth that the assessment is illegal, * * * or if unequal in that the assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, specifying the instances in which such inequality exists, and the extent thereof, and stating that he is or will be injured thereby."

It is not questioned by relator but that compliance with this statute was necessary to give the court jurisdiction to issue the writ.   The allegations of the petition upon this point under discussion are as follows:

"Your petitioner, upon information and belief, further alleges that the said assessment of its property, so, as before said, made against it on said assessment

roll is erroneous by reason of inequality of assessment, its property being assessed at a higher proportionate value than that of other owners of real and personal property in said tax district on said roll by said officers; that the full value of its property in said tax district did not exceed on July 1, 1897, $373,-485; that its said assessment is unequal, in that, while its property is assessed at the amount above stated, that of other owners of property in said tax district assessed upon said roll does not exceed 50 per cent. of its full value on the average, said assessors having assessed the property in said district (other than that of your petitioner) at that percentage of its full value, instead of at full value, as the law requires; and such inequality exists, not in specific instances, but generally through said tax district. That your petitioner will be injured by such inequality."

It is settled in People v. Tax Com'rs of City of New York, 144 N. Y. 483–485, 39 N. E. 385, that the petition in a proceeding like this is in the nature of a pleading, and only conclusions of fact need be stated, and not the evidence to support them. It is equally clear, however, that the petition must comply with whatever requirements the legislature sees fit to impose. And the question is whether the language which I have quoted from the petition, in treating of the alleged inequalities of the assessment roll, does specify "the instances in which such inequality exists and the extent thereof." It is to be noted, as bearing upon the intent of the statute in this respect, that, while the former statute of 1880 simply required the petitioner to set forth "that his assessment is unequal, in that it has been made at a higher proportionate value than other property on the same roll," the present statute distinctly requires a specification of the instances and extent of such inequality. It is possible that the allegation in the petition now under review might be regarded as fulfilling the requirement of the statute for a statement of the "instances" in which inequality existed, when it points to the "other owners of property in said tax district," but it does not seem to me that it can be held to have complied with the requirements for a statement of "the extent thereof." The ordinary meaning of the statute would seem to be that the petition should specify in reasonably definite form the instances of lower assessment, and the extent thereof, respectively, in each case; otherwise there would be no particular use in the requirement. That, however, has not been done here. Assuming that the petition is sufficient in stating that every other property owner in the town of Schuyler is assessed at a lower valuation than that placed upon the relator's property, when we come to determine the extent of the undervaluation in each case there is no definite allegation. The petition simply says that the undervaluation will average throughout the town 50 per cent. The truthfulness of this allegation would be entirely sustained by proof that one-half of the property in the town had been assessed at 5 per cent. of its actual value, and the other half at 95 per cent., or by evidence of any intermediate figures which simply produced that average result. Such an allegation, it seems to me, does not sufficiently, under the statute, specify the extent of the undervaluation.

The motion to quash the writ is, therefore, granted, with $20 costs. Motion granted, with $20 costs.