(February 7, 1898.)

## McMILLAN v. WOOLEY.

[51 Pac. 1029.]

BILL OF REVIEW.—A bill of review will not lie to obtain a new trial, where the party seeking such relief has been guilty of any laches or blunders by which he lost his rights in the original action.

SAME—WHAT MUST BE ALLEGED.—In an equitable action commenced for the purpose of procuring a new trial of a former action, the complaint, designated in equity practice "bill of review" must affirmatively show that by reason of fraud, mistake or surprise, against which the complainant could not, by the use of reasonable diligence, have protected himself against in the original action, by motion for new trial, by application to vacate or modify the judgment on the ground of mistake, inadvertence, surprise or excusable neglect, made within six months after the adjournment of the term at which the judgment was rendered, or by appeal, thus showing a necessity of resorting to equity.

Same—Time Within Which it Must be Filed.—A bill of review must be filed within the time within which an appeal could be taken from the judgment sought to be reviewed.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

T. L. Glenn, for Appellant.

Section 4229 of the Revised Statutes in effect prolongs the term for a period of six months after its actual adjournment for the purposes of the statutory remedy, and as a bill in equity would not lie during the term, so it will not lie until the expiration of the six months provided by the statute, and this in obedience to the well-known rule that equity will not take jurisdiction where there is a speedy, complete and adequate remedy at law, but when that remedy has ceased to exist it will take jurisdiction where laches is not imputable to the party invoking its aid. (*Kitchum v. Crippen,* 37 Cal. 225; *Ede v. Hazen,* 61 Cal. 360; *In re Hudson,* 63 Cal. 454; *Thompson v. Laughlin,* 91 Cal. 313, 27 Pac. 752; *Eldred v. White,* 102 Cal. 600, 36 Pac. 944; Freeman on Judgments, sec. 500a.) The word "laches" in the law means unreasonable delay, and is the equivalent of the phrase "inexcusable neglect." In other words it is such delay as the law will not excuse. The law, however, does excuse delay when reason and common sense justify the delay, and in such case delay never ripens into laches. (*Livestock Co. v. Thompson and Hall,* 41 Cal. 63; *Hart v. Gayenchie,* 56 Cal. 429; *Craig v. Investment Co.,* 101 Cal. 122, 35 Pac. 558; *Douglass v. Todd,* 96 Cal. 655, 31 Am. St. Rep. 247, 31 Pac. 623; *Bast v. Hyson,* 6 Wash. 170, 32 Pac. 997; *Sanders v. Hall,* 37 Kan. 271, 15 Pac. 197; *Witeside v. Logan,* 7 Mont. 373, 17 Pac. 34.) In the case of *Taylor v. California Stage Co.,* 6 Cal. 230, a witness for the plaintiff was asked on cross-examination if he had not made a different statement out of court, to which he answered that he had not. On motion for a new trial defendant alleged that it was taken by surprise by the testimony of this witness. The court say "if he had made the statement to the defendant and thus misled him," and defendant had relied on the statement, it might have been ground for a new trial. In the case at bar

a statement was made to the plaintiff on which he relied, on which he acted, and we are now told it was negligence so to do. (*Case v. Codding,* 38 Cal. 194; *Patterson v. Elly,* 19 Cal. 29; *Gray v. Hawley,* 21 Cal. 397; *Rodriguez v. Comstock,* 24 Cal. 85.)

John T. Morgan, for Respondent.

A court of equity will not grant a new trial in an action at law where the applicant knew of the condition of the judgment against him in the law action in time to have moved for a new trial in the law cause. (*Mastick v. Thorp,* 29 Cal. 444.) If a party loses the right to try a material issue through his own neglect or laches, equity will not relieve him. (*Boston v. Haynes,* 33 Cal. 31.) He has neglected two opportunities of correcting his judgment or reversing it on appeal in this action at law. Equity now, after the lapse of two years, will not interfere. (*Neal v. Byers,* 45 Cal. 234.) Where the evidence might have been produced on the trial by the exercise of reasonable diligence a new trial will not be granted at law, much less in equity. (*Moran v. Abbey,* 63 Cal. 56; *Hendy v. Desmond,* 62 Cal. 260.) In order to get a new trial at law on the ground of newly discovered evidence, the party must produce the affidavits of the witnesses, showing what they will swear to; his own sworn statement will not do. (*Arnold v. Skaggs,* 35 Cal. 684.)

QUARLES, J.—The defendants in this case filed a general demurrer to the complaint, which was sustained by the district court. From the judgment dismissing the action the plaintiff appeals. The facts as they appear in the complaint are as follows: Hyrum S. Wooley executed his promissory note to plaintiff for the sum of $4,600, on the twenty-seventh day of February, 1894, and on the same day said Wooley and his wife executed a mortgage to the plaintiff on eight lots or parcels of land, to secure the payment of said note at its maturity, August 27, 1894. The mortgage covered some community property, the homestead, and one parcel of separate property of the wife. December 18, 1894, the plaintiff commenced an action in the district court of the fifth district, in and for Bear Lake county,

the county in which said property is situated, for the foreclos-
ure of the said mortgage.    To this action the defendant, Hyrum
S. Wooley, made default, but his wife, Minerva M. Wooley,
filed her demurrer to the said complaint, on the ground that
it did not state facts sufficient to constitute a cause of action,
which demurrer was sustained by the district court, on the
ground "that the certificate of acknowledgment of Minerva M.
Wooley attached to the said mortgage deed did not conform to
the requirements of the law in such cases made and provided,
and that the same was defective and void (she, the said Minerva
M. Wooley, being then and there a married woman, as alleged
in said cause), in this, to wit, that the officer taking the ac-
knowledgment of said Minerva M. Wooley did not certify that
he made her acquainted with the contents of said mortgage deed
on an examination without the hearing of her husband," where-
upon the said district court rendered judgment, dismissing the
said action as to the said defendant Minerva M. Wooley, on the
twenty-second day of August, 1895.    On the twenty-fifth day
of February, 1896, the court found that there was due from said
Hyrum S. Wooley to plaintiff, on said mortgage debt, the sum
of $5,600, and rendered judgment foreclosing the said mortgage
on the said community property, but refusing to foreclose it on
said homestead and separate property of Mrs. Wooley.    There-
after the said community property was sold under the said de-
cree, the proceeds of which paid the costs and disbursements and
$769.45 of the principal debt, leaving a balance due of $4,592,
with interest thereon from April 18, 1896, still unpaid.    The
said mortgage was acknowledged by Wooley and wife before
Douglas Hix, then probate judge of said Bear Lake county.
The said foreclosure action was brought by the plaintiff through
his attorneys, Bell & Breen and Hart & Sons, who appeared at
the trial for the said plaintiff.    The attorney who represents
the plaintiff in this action does not appear to have been an at-
torney for the plaintiff in the said foreclosure case; nor does it
appear in the complaint in this action when said attorney was
employed for or on behalf of the said plaintiff; yet it is alleged
in said complaint in this action that "the plaintiff, through and
by his attorney T. L. Glenn, immediately after the making and

entering of said decision dismissing the said cause, carefully and diligently inquired, through and by his said attorney T. L. Glenn, of the said Douglas Hix, the officer taking and certifying the acknowledgment aforesaid, as to whether he had, on an examination without the hearing of her husband, made her acquainted with the contents of the said instrument, and if upon such examination, and without the hearing of her husband, she acknowledged that she executed said instrument, and that she wished not to retract the execution thereof, whereupon the said Douglas Hix informed said T. L. Glenn, attorney for the plaintiff, as aforesaid, that Hyrum S. Wooley, the husband of the said Minerva M. Wooley, was at all the times present and within the hearing of the said Minerva M. Wooley while he took her acknowledgment, and certified the same"; that, relying upon the said statement of said Hix, plaintiff commenced, February 5, 1896, an action against said officer and his sureties on his official bond, to recover damages sustained by plaintiff on account of the gross negligence of the said officer in taking and certifying a void acknowledgment of said Mrs. Wooley to the said mortgage; that this last-named cause came on for trial on September 2, 1896, and on the said trial said Hix testified that he informed Mrs. Wooley of the contents of the said mortgage on examination apart from and without the hearing of her said husband, whereupon she acknowledged to him that she executed the same, and that she did not wish to retract the execution of the same; that said action was decided in favor of the defendants, said Hix and his sureties, and judgment rendered in their favor; that the plaintiff was misled by the said statements of Douglas Hix to the said Glenn, attorney for the plaintiff, touching the acknowledgment of said mortgage by Mrs. Wooley, for which reason he did not amend his complaint in the said foreclosure action so as to seek a reformation of the certificate of acknowledgment of Mrs. Wooley to the said mortgage; that the only defect in said certificate of acknowledgment was that it failed to state that said officer made Mrs. Wooley acquainted with the contents of said mortgage on examination separate and apart from and without the hearing of her husband, which was actually done, as plaintiff can now prove by said Douglas Hix

and one William Pendry, residents of said Bear Lake county. The foregoing was substantially the facts stated in the complaint in this action, which was filed in the district court on the twenty-sixth day of January, 1896. The prayer to said complaint is in the following words and figures, to wit: "Wherefore plaintiff prays that the judgment on the demurrer of Minerva M. Wooley in the foreclosure proceedings hereinbefore set forth, dismissing the said cause as to her, be set aside and held for naught; that the certificate of acknowledgment to the mortgage deed of said Hyrum S. Wooley and Minerva M. Wooley be amended and reformed to conform to the facts as set forth herein; that plaintiff have judgment against the defendant Hyrum S. Wooley for the sum of four thousand five hundred and ninety-two dollars ($4,592), with interest thereon from the eighteenth day of April, 1896, at the rate of eight per cent per annum; that that piece or parcel of land herein described as the separate property of Minerva M. Wooley and the homestead of defendants be sold according to law; and that the proceeds be applied to the payment of the judgment to be found herein; or, if that cannot be done in this case, that the said judgment of dismissal, as in this prayer first above described, be vacated, set aside, and held for naught; and that this plaintiff have leave to amend his complaint in the said foreclosure suit so as to set up the facts touching the execution of the mortgage deed by the said Minerva M. Wooley, and the certification of her acknowledgment thereto so as to reform the same to conform to the law in such cases made and provided, and for such other and proper relief as in equity he may be entitled to."

The only question in this case that we are called on to decide is the correctness of the lower court in sustaining the demurrer to the complaint. It will be seen that the complaint does not set forth *in haec verba* the certificate of acknowledgment to the said mortgage. We are unable to say from the record before us whether the said certificate absolutely failed to state whether the officer informed Mrs. Wooley of the contents of said instrument, or whether the allegation in the complaint that it did not show that the officer informed her of the contents of the instrument while her husband was absent is an actual fact, or is the

conclusion of the plaintiff, based on the construction of the said certificate. We have recently had before us two cases in which parties construed the certificate of acknowledgment to be defective, when in point of fact it was awkwardly drawn, but substantially complied with the requirements of the statute. If the conclusion of the district court that said certificate was void as to Mrs. Wooley was based on an erroneous construction of such certificate, then the judgment dismissing the action as to Mrs. Wooley was erroneous. But inasmuch as the plaintiff did not bring into court the original complaint and demurrer in the foreclosure case, and the said mortgage and certificate of acknowledgment thereto, which was doubtless a part of said complaint, as the sufficiency of the certificate was decided on demurrer to the complaint, we are not able to say whether said certificate was sufficient, or whether it was erroneously held insufficient, and will not attempt to pass on either of those questions. If, however, the said certificate was sufficient, but, by an erroneous construction, held to be insufficient, the plaintiff's remedy was by appeal. If, however, the said certificate was void as to Mrs. Wooley, then we cannot conceive of any rule of law or practice which would permit the officer taking it to contradict the certificate, or avoid liability for failing to take and certify a valid acknowledgment of said mortgage by Mrs. Wooley. From the statements in the complaint it may be reasonably inferred that either the judgment dismissing the foreclosure action as to Mrs. Wooley, or the judgment in favor of the defendants in the suit brought by the plaintiff against the officer and his sureties, is erroneous. If the acknowledgment of Mrs. Wooley was sufficient, plaintiff should have had judgment foreclosing the mortgage upon all of the mortgaged property. If the certificate showed a void acknowledgment, and the declarations of the officer taking it made to the plaintiff's attorney showed it to be void, and showed that it was futile to seek a reformation of the said certificate, then we know of no rule of law permitting him to escape liability to the plaintiff. Plaintiff should have succeeded in one or the other of the actions, and his failure to do so must have been owing to his own negligence, or owing to the incompetency and neglect of his at-

torney in one or the other of the actions, in neither of which events can he obtain relief in this action.

There is no allegation of fraud against the defendants. The suit first brought was in equity. This is not an action brought by bill of review to obtain a review of a judgment obtained at law by fraud, or through mistake, accident or surprise. The evident purpose of this action is to obtain an additional decree foreclosing said mortgage as to two parcels of land after it had been foreclosed as to several others. Litigation should not be interminable, but judgments must be treated as final, as a general rule. To obtain relief in this case, the plaintiff should have shown that in neither of the former suits mentioned in this complaint is there error apparent of record justifying a reversal. He had not done so. His statements show that a wrong has been done him. They do not show that he is not guilty of laches in protecting his rights, but a fair inference from the allegations of the complaint is that he failed to obtain full relief by reason of an erroneous judgment in one of two cases from which he failed to appeal. In this case he asks a foreclosure of a mortgage in parcels, and asks the court to reform an instrument, by changing its terms so as to make it conform to the truth, and refuses to bring the instrument into court so that the court can see the defect, and see how to reform it by changing its terms so as to make it speak the truth. This may be correct practice, but we doubt it. Having sold a portion of the mortgaged property under the decree of foreclosure, we do not see how the cause could be opened, the former decree annulled, and the parties placed *in statu quo.*

To obtain relief by a bill of review from a judgment rendered in an equitable action foreclosing a mortgage, the plaintiff must, to state a cause of action, affirmatively show in his complaint that such judgment was the result of fraud, accident or mistake, which he could not, by due diligence, protect himself against in the original action. Such showing is not made here, and we think the demurrer was properly sustained. (See *Boston v. Haynes,* 33 Cal. 31; *Mastick v. Thorp,* 29 Cal. 445; *Riddle v. Baker,* 13 Cal. 295.)

. We think, too, that this action was filed too late. The supreme court of California in one case said: "The repose of society demands that, when a controversy has been ended by the final judgment of a court, it shall not be reopened except within a reasonable time; and, in respect to bills of review, courts of equity have adopted, as a reasonable period within which they may be prosecuted, the time allowed by law for the prosecution of an appeal or writ of error." (See *Allen v. Currey,* 41 Cal. 318, and authorities there cited.)   Under our code, the cases in which a bill of review will lie are very limited.   In order to secure a new trial of a case determined in another action, by bill of review, the plaintiff must show, by his complaint, a good cause or ground for granting him a new trial in the action; that time for applying for the relief under the provisions relating to new trials, or to have the judgment set aside on the ground of mistake, surprise or excusable neglect, under section 4229 of the Revised Statutes, has expired; that he could not obtain the relief by appeal; that he has been guilty of no laches or blunders in protecting his rights; and that, by reason of fraud, mistake or surprise over which he had no control, he is entitled to a new trial, which, only by the interposition of equity, he can or could have obtained by the exercise of reasonable diligence.   The judgment of the lower court is affirmed, with costs to the respondents.

Sullivan, C. J., and Huston, J., concur.