BEUTEL *v.* BAY CIRCUIT JUDGE.

CERTIORARI—VACATION OF STREET—REVIEW OF PROCEEDINGS—UNREASONABLE DELAY.

  *Proceedings were taken to vacate a portion of a city plat which included a street. The relator, the owner of land in the vicinity, eight months afterwards filed a petition for the writ of *certiorari* to review those proceedings. The petitioner in the vacation proceedings had meanwhile invested a large amount of money in buildings upon the vacated street. *Held,* that relator was barred by laches to contest the validity of the proceedings.

*Certiorari* by Robert Beutel to review the action of Andrew C. Maxwell, circuit judge of Bay county, in vacating a portion of a street. Submitted June 13, 1900. Writ dismissed June 26, 1900.

This case is brought to this court by the writ of *certiorari* to review the proceedings of the circuit court for the county

---

* Head-note by GRANT, J.

of Bay, vacating a portion of a plat known as "F. W. Wheeler & Company's Third Addition to West Bay City," whereby part of Washington street was vacated. The petition was made by the West Bay City Sugar Company. The order vacating the plat was made June 6, 1899. On July 10, 1899, relator filed a bill of complaint in the circuit court for the county of Bay, in chancery, praying an injunction against said company from closing said street. An injunction was granted unless defendant should execute a bond conditioned to pay all damages which the complainant might sustain, which bond was duly filed, and approved by the circuit judge. This is shown by the records of the court, attached to the return of the respondent. One of the counsel for relator filed an affidavit on the 23d of April, 1900, setting forth that he left the bill of complaint with the circuit judge, for him to examine; that the motion for granting an injunction came on to be heard on August 7th, and the injunction was refused; that said proceedings were thereupon abandoned, and the bill of complaint never in fact filed. To this bill of complaint an answer was filed October 6, 1899. It appears that, immediately upon giving the bond as required by the order of the circuit judge, the sugar company took possession of the vacated street, erected buildings thereon, and has expended a large amount of money in its plant. Relator then rested until he filed this petition for the writ of *certiorari*, March 27, 1900, although the *jurat* to the petition is dated January 24th preceding.

*Simonson, Gillett & Courtright*, for relator.

*Lee E. Joslyn*, for respondent.

Grant, J. (*after stating the facts*). The granting of the writ of *certiorari* is discretionary, and where one has rested upon his rights for an unreasonable length of time, while the other party, in reliance upon the regularity of the proceedings, has made large improvements, it will not be granted. This court has refused the writ in other

cases where the delay was not so long as in this case. *Baudistel* v. *Recorder, etc., of City of Jackson,* 110 Mich. 357 (68 N. W. 292); *City of Detroit* v. *Murphy,* 95 Mich. 531 (55 N. W. 441), and authorities cited. If relator abandoned his suit in chancery, he should have moved promptly to review the proceedings in some other manner, if he desired to contest their legality. If that suit has not been abandoned, but is still pending, he is in position to test the legality of the proceedings, and has no need to invoke the discretionary writ of *certiorari.*

The writ is dismissed, with costs.

The other Justices concurred.