PELEG BROWN *vs.* PROBATE COURT OF WARWICK.

JUNE 28, 1907.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Certiorari to Probate Courts. Laches.*

As the issuing of the writ of *certiorari* is not a matter of strict right, but is discretionary with the court, where the petitioner had allowed a decree of a Probate Court appointing a guardian of his person and estate to stand without attack for eight and a half years, permitting the guardian to manage the estate, and moving to quash the decree only after the death of the guardian, no harm appearing to petitioner through such appointment, such conduct constitutes sufficient laches to justify the refusal of the writ.

CERTIORARI. Heard on petition for writ, and denied.

PER CURIAM. This is a petition for a writ of *certiorari* to the Probate Court of Warwick, alleging that a decree of that court, entered on the 12th day of September, 1898, appointing Job S. Carpenter, of said Warwick, guardian of the person and estate of the petitioner, a person of full age, residing in said Warwick, was erroneous, and ought to be quashed upon the ground that, upon the facts found by said Probate Court, it had no jurisdiction to appoint a guardian as aforesaid. The petition for the appointment of said guardian alleged said Peleg Brown to be a person of full age who, from excessive drinking, gaming, ·

idleness, and debauchery, who from want of discretion in managing his estate, is likely to bring himself or family to want and to render himself or family chargeable. The lack of jurisdiction upon which the petitioner bases his objection is that the Probate Court only adjudged him "to be a person lacking in discretion in managing his estate."

The Court of Probate had jurisdiction over the person of the petitioner, and of the subject-matter of the proceeding, i. e., the appointment of a guardian. Having such jurisdiction, its decree is not void, but merely voidable. By the provisions of the statute in force at the time of the entry of the decree, cap. 248, § 7, Gen. Laws, the decree could not in any collateral proceeding be deemed invalid, or quashed for want of proper form, or for want of jurisdiction appearing upon its face. Section 803 of the court and practice act is to the same effect.

It is settled in this State that certiorari lies to review the action of a Probate Court. Pratt v. Court of Probate of Pawtucket, 22 R. I. 596; Bennett v. Randall, 28 R. I. 360. Where the matter is not regulated by special statutes it is, however, well settled that the issue of the writ is not a matter of strict right, but is discretionary with the court. Bennett v. Randall, supra. Where the petitioner has been guilty of laches, the writ is generally refused. In re Lantis, 9 Mich. 324; State v. Blake, 35 N. J. L. 209: People v. Fire Comr's., 77 N. Y. 605; People v. Board of Police, 82 N. Y. 506; Long v. Ohio River R. R. Co., 35 W. Va. 333.

In the case at bar it does not appear that any harm has come to the petitioner from the appointment of the guardian. Furthermore, he has permitted the decree to stand without attack for more than eight years and a half. Although excessive drinking was one of the grounds alleged in the petition for the appointment of the guardian, he has, according to his affidavit, been a total abstainer for some years, and so, presumably, under no disability on that account. He has permitted the guardian, without objection, to mortgage his property pursuant to other decrees of said Probate Court, and to apply the proceeds of said mortgages to his support, and has only moved in the matter

after the death of the guardian. Such conduct constitutes sufficient laches to justify the refusal of the writ.

The petition is denied and dismissed.

*P. Henry Quinn*, for petitioner.

*Archibald C. Matteson*, for Centreville Savings Bank.