(March 2, 1918.)

PULLMAN COMPANY, a Corporation, Plaintiff, v. STATE BOARD OF EQUALIZATION of the State of Idaho et al., Defendants.

[171 Pac. 260.]

WRIT OF REVIEW, APPLICATION FOR—REASONABLE TIME.

  1. Application for a writ of review must be made within a reasonable time.

  2. The time within which an appeal may be taken in appealable cases will be deemed to be the limit of a reasonable time for an application for a writ of review, unless exceptional circumstances be shown which justify an extension of time.

Original application for writ of review. Writ quashed and petition denied.

Hawley & Hawley, for Plaintiff.

''Generally, lapse of time will not preclude the granting of the writ where the delay has resulted in no detriment.'' (11 C. J. 146.)

T. A. Walters, Atty. General, A. C. Hindman and J. P. Pope, Assistants, for Defendant.

Plaintiff has not acted with due diligence in seeking to remedy the alleged wrong which has been done it. Unreasonable delay or failure to apply within the time limited by statute or established by local practice is good ground for refusing the writ. It is the well-settled rule, and particularly so in the western states, that where the statute fixes no definite time, the time is regulated by the statutory time within which an appeal must be taken. (*Smith v. Superior Court,* 97 Cal. 348, 32 Pac. 322; *Keys v. Marin County,* 42 Cal. 252; *Kimple v. Superior Court,* 66 Cal. 136, 4 Pac. 1149; *Reynolds v. Superior Court,* 64 Cal. 372, 28 Pac. 121; *Thompson v. Multnomah County,* 2 Or. 34; *Crosby v. Probate Court,* 3 Utah, 51, 5 Pac. 552; *State v. Superior Court,* 84 Wash. 663, 147 Pac. 408; *State v. Superior Court,* 56 Wash. 287, 105 Pac. 815; *State v. Superior Court,* 42 Wash. 684, 85 Pac. 673; 11 C. J. 143, 148; *Hyde v. Lamberson,* 1 Ida. 539; *McMillan v. Wooley,* 6 Ida. 36, 51 Pac. 1029.)

RICE, J.—This is an original proceeding brought in this court to obtain a writ of review directed to the state board of equalization and commanding it to certify to this court its records in the matter of the assessment of plaintiff's property in the state of Idaho for the year 1917.

It is alleged in the petition that the order complained of was made in the month of August, 1917. The petition was filed in this court on January 4, 1918. An alternative writ was issued, and the defendants have moved to quash the writ and to set aside the order upon the ground that the petitioner was guilty of laches, in that it had delayed an unreasonable length of time in making application for the relief sought.

The statute does not limit the time within which a writ of review may be prosecuted. Under the statutes an appeal to the supreme court must be taken within ninety days after the entry of the judgment appealed from. In the absence of a statute limiting the time within which an application for writ of review may be prosecuted, the rule is that it must be

applied for within a reasonable time, which will be deemed to be the time within which an appeal may be taken in appealable cases unless for good cause shown some other period be fixed.

In the case of *Spooner v. Seattle*, 6 Wash. 370, 33 Pac. 963, it is said: "The writ of *certiorari* is in the nature of an appeal, and, while the statute does not fix the time within which the writ should be applied for, it should be applied for within a reasonable time after the act complained of has been done, and two years and upward was not a reasonable time." And in the case of *State v. Superior Court*, 56 Wash. 287, 105 Pac. 815, it is said: "While the statute fixes no time within which a writ of review must be applied for, we have held by analogy that the writ must be applied for within the time fixed for taking an appeal."

The leading case in California is that of *Keys v. Marin County*, 42 Cal. 252, in which the court said: "It has been observed already that in the case at bar nearly two years were permitted to elapse after the entry of the order complained of before application was made for the writ. An appeal to this court from a final judgment of a district court is barred by the lapse of one year; and we are of the opinion that, unless circumstances of an extraordinary character be shown to have intervened, the remedy through a writ of *certiorari* should be held to be barred by the lapse of a like period of time." (*People v. Mayor of New York*, 2 Hill (N. Y.), 9; *Thompson v. Multnomah County*, 2 Or. 34; *Kimple v. Superior Court*, 66 Cal. 136, 4 Pac. 1149; *Smith v. Superior Court*, 97 Cal. 348, 32 Pac. 322; *Reynolds v. Superior Court*, 64 Cal. 372, 28 Pac. 121; *Crosby v. Probate Court*, 3 Utah, 51, 5 Pac. 552; *State v. Superior Court*, 42 Wash. 684, 85 Pac. 673; *State v. Superior Court*, 84 Wash. 663, 147 Pac. 408; *Detroit v. Murphy*, 95 Mich. 531, 55 N. W. 441; *Petition of Tucker*, 27 N. H. 405; *People v. Commissioners*, 82 N. Y. 506; *Stedman v. Bradford*, 3 Phila. (Pa.) 258; *Long v. Ohio River R. Co.*, 35 W. Va. 333, 13 S. E. 1010; *State v. Milwaukee County*, 58 Wis. 4, 16 N. W. 21; *Hernandez v. Hutchison*, 20 Porto Rico Rep. 484; 11 C. J. 146.)

While this question has not been passed upon directly by the supreme court of this state, it has been decided that a bill of review, by analogy to an appeal, must be brought within the time limit for prosecuting an appeal. (*Hyde v. Lamberson,* 1 Ida. 539; *McMillan v. Wooley,* 6 Ida. 36, 51 Pac. 1029.)

The petition in this case does not disclose circumstances of a special nature which require an extension of time.

The writ will be quashed and the petition denied. Costs awarded to the defendants.

Budge, C. J., and Morgan, J., concur.