## HALLOWEL, JONES & DONALD v. DISTRICT COURT FOR UTAH COUNTY et al.

No. 5370.  Decided November 8, 1933.  (26 P. [2d] 543.)

*Irwin Clawson,* of Salt Lake City, for plaintiff.
*A. B. Morgan,* of Provo, for defendants.

MOFFAT, J.

A petition for a writ of review of the probate proceedings had in the district court of the Fourth judicial district of the state of Utah in and for Utah county, "In the Matter of the Estate of H. J. Phillips, sometimes known as Harry J. Phillips, deceased" has been filed in this court and a temporary writ has been issued requiring the clerk of the district court to certify the proceedings to this court. This has been done.

The affidavit in support of the petition sets forth that the plaintiff is a creditor of deceased. That the defendant Elizabeth A. Phillips, widow of deceased, duly petitioned the court for issuance to herself of letters of administration. That letters were issued and proceedings had through and until the distribution of the estate.

It is claimed by the plaintiff that all the probate proceedings are void because the court failed to take the proper steps to acquire jurisdiction of the matter, due to the fact that all of the notices of the hearing on the petition for letters of administration were posted on the courthouse square.

There is no dispute upon this issue. Other alleged errors are contained in the petition; but in the view we take of the case there is no necessity for discussing them. It is necessary to notice the position taken by defendants. That question is raised by defendants' motion to quash the writ. Two questions are raised in this motion: (1) The granting of the writ of certiorari rests in the sound discretion of the court, and is not a mere matter of right, and (2) the plaintiff has a plain, speedy, and adequate remedy at law.

The case of *Crosby* v. *Probate Court,* 3 Utah 51, 5 P. 552, page 534, is appropriate. Quoting from Dillon on Municipal of certiorari is not awarded as a matter of right, but the granting or refusing it lies in the sound discretion of the court." The impelling thing that moves the court to exercises its discretion in the issuance of the writ is a record showing that "an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court or judge, any plain, speedy, and adequate remedy" (Comp. Laws 1917, § 7377).

The language of the court in the case of *Saunders* v. *Sioux City Nursery & Seed Co.,* 6 Utah 431, 24 P. 532, at page 534, is appropriate. Quoting from Dillon on Municipal Corporations, § 743, the court says:

"From inferior jurisdictions, an appeal or writ of error exists only as it is provided by law, but, where a remedy by writ of error or by appeal is given, a common-law certiorari cannot be sustained."

In the same opinion the court further says:

"* * * the court is of the opinion that a writ of certiorari or review will not lie when the right of appeal exists, when the justice has acted or has entered judgment without first having acquired jurisdiction of the matter of the suit, or when he has acted without his jurisdiction, as well as when he simply exceeds his jurisdiction in some respect in the trial of the cause, or has not obtained jurisdiction of the person of the defendant."

The record discloses that the plaintiff filed a petition in the district court praying for an order "vacating all of the proceedings had in this matter, and also for the annulling of certain particular orders entered in this matter."

A demurrer thereto was filed and a motion to quash and strike the petition in its final form was interposed. The demurrer was overruled and the motion was denied.

An examination of the record discloses that the petition filed in the district court covers every point raised on the petition for a writ out of this court. The petition in the lower court was attacked by demurrer and motion. No question is raised here that the lower court exceeded or was without jurisdiction to pass upon the demurrer and motions, nor is there any claim that there is not an appeal.

Section 7377, Comp. Laws Utah 1917, prescribes when and by whom the writ of certiorari may be granted. It appears that when either of two remedies are open the writ will not issue. When an inferior tribunal exercising judicial functions has exceeded its jurisdiction, the foundational element of error has been laid. In order that the remedy by certiorari may be available to correct the error there must be neither a remedy by appeal, "nor, in the judgment of the court or judge, any plain, speedy, and adequate remedy."

We fail to find any reason or ground in the petition or record disclosing a situation precluding the remedy by

appeal. Such being the case, it matters not whether the lower court acted without or in excess of jurisdiction.

"The writ will not issue if there is an appeal from the judgment, order, or proceeding complained of. Nor will it issue if, in the judgment of the court, there is any plain, speedy, and adequate remedy without it." *Saunders* v. *Sioux City Nursery & Seed Co.,* supra.

Petitioner on the hearing conceded that an appeal had been taken from the judgment of dismissal following the overruling of the demurrer and denial of the petitioner's motion, and defendants maintain there is a remedy by appeal. Both parties here seem to recognize the situation. We are therefore of the opinion the application for a writ of certiorari should be denied. Such is the order. Defendant to recover costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.