SAMUEL HILL *vs.* HENRY RASICOT, Sheriff.

November 21, 1885.

**Judicial Sale—Disposition of Proceeds—Liability of Sheriff.**—A sheriff executing a judgment of foreclosure by a sale of the land, and by payment of the proceeds to parties named, according to the terms of the judgment, is protected from liability to another asserting a superior right to the money so paid.

Appeal by plaintiff from an order of the district court for Morrison county, *Collins,* J., presiding, sustaining a demurrer to the complaint.

*Atwater & Hill,* for appellant.

*Rea, Kitchel & Shaw,* for respondent.

DICKINSON, J. Appeal from an order sustaining a demurrer to the complaint. The alleged cause of action arises from the conduct of the defendant, as sheriff of Morrison county, in executing a judgment rendered in an action to foreclose a mortgage. The mortgage had been executed by one Clark, who had formerly owned the land, to one Pinney, in 1875; but it was not recorded until November, 1877. Prior to the executing of this mortgage, Clark had, in 1869, conveyed the land by deed to one Baldwin. This deed was recorded in March, 1877. As to a part of the same lands, Baldwin is alleged, also, to have acquired a title prior to the recording of the Pinney mortgage, through an execution sale upon a judgment in favor of one Taylor, against Clark, in 1876, while the title still appeared of record in Clark; the purchaser at such sale having conveyed to Baldwin.

In October, 1882, at a sale under execution upon several judgments against Baldwin, docketed in 1878 and in June, 1882, the plaintiff purchased the land in good faith, and without actual notice of the action then pending for the foreclosure of the Pinney mortgage. That action had been commenced in July, 1882, when a notice of *lis pendens* was filed by the plaintiff in that action. Clark and Baldwin were made parties; but the judgment creditors of Baldwin were not, so far as appears, made parties. In the foreclosure action, Baldwin having fraudulently, as is alleged in the complaint, made it to ap-

pear that the deed from Clark to him, which was absolute in form, had been given only as security for money loaned by him as trustee for the estate of one Mygatt, deceased, judgment was rendered in March, 1883, adjudging that Baldwin's lien upon the land as such trustee was superior to that of the Pinney mortgage; that the lands should be sold by the sheriff of Morrison county; that out of the proceeds of the sale the sheriff should pay, first, some small judgments against Clark; then to Baldwin, as such trustee, the sum of $16,-227.43; and, lastly, the amount of the Pinney mortgage. The defendant, as sheriff, executing this judgment, sold the lands and applied the proceeds as required by its terms, although at the time of the sale the plaintiff notified him of his rights respecting the land, and demanded, among other things, that the defendant pay to him, out of the proceeds of the sale adjudged to be paid to Baldwin, the amount claimed to be due to plaintiff by virtue of the execution sale to him. The plaintiff only claims to charge the defendant with liability in his official capacity and for official delinquency.

It may be assumed that the right of the plaintiff in respect to the land, and in respect to the fund derived from the sale of the land, was superior to that of Baldwin as trustee, and that this right was not affected by the notice of *lis pendens* filed by the plaintiff in the foreclosure action. But the sheriff is not responsible. No invalidity is suggested with respect to the judgment which he was required to execute; and he incurred no liability for executing it according to its terms. It was not for him to revise the judgment, and determine whether it, or the claim of the plaintiff adverse to it, should prevail. His duty in respect to the distribution of the proceeds of the sale being particularly set forth in the judgment which he was required to carry into effect, it was not incumbent upon him to report to the court the adverse claim of the plaintiff, nor to forbear making payment as directed by the judgment. The judgment protects the officer from liability for doing what it commanded him to do. *Bergin* v. *Hayward*, 102 Mass. 414, 424; *Savacool* v. *Boughton,* 5 Wend. 170.

Order affirmed.