# PAGE v. COMMERCIAL NATIONAL BANK OF SALT LAKE CITY et al.

No. 2182.  Decided January 5, 1911.  Rehearing denied January 23, 1911 (112 Pac. 816).

1. APPEARANCE—GENERAL APPEARANCE—FILING OF GENERAL DEMURRER TO COMPLAINT. Under the express provisions of Comp. Laws 1907, section 3334, the filing of a general demurrer to a complaint constitutes a general appearance, sufficient to confer jurisdiction over the person.[1]  (Page 446.)

2. CERTIORARI—GROUNDS. Under Comp. Laws 1907, section 3630, providing that when an inferior tribunal, or an officer, exercising judicial functions, has exceeded its jurisdiction, and there is no appeal, nor in the judgment of the court or judge a plain, speedy, and adequate remedy, certiorari may be granted to review the proceedings, the writ will be granted by the Supreme Court only to correct the usurpation or abuse of authority, and when there is neither an appeal nor other speedy and adequate remedy, by which such usurpation can be corrected.[2]  (Page 447.)

3. CERTIORARI—GROUNDS. When service of summons is assailed as insufficient to confer on the district court jurisdiction over the person, the question as to the sufficiency of service must be submitted to the court in which the action is commenced for decision, it having jurisdiction for such purpose, and as mere errors or irregularities of such court, where jurisdiction exists, cannot be reviewed except on appeal, if the court erred in holding that the service conferred jurisdiction, or in holding that certain conduct or statements of the person served or his counsel in open court constituted a general appearance whereby the court acquired jurisdiction over such person, such errors cannot be reviewed by certiorari.  (Page 448.)

---

[1] Farnsworth v. U. P. Coal Co., 32 Utah, 112, 89 Pac. 74; Stone v. U. P. Ry. Co., 32 Utah, 185, 89 Pac. 715.

[2] O. S. L. R. Co. v. District Court, 30 Utah, 374, 85 Pac. 362; Hoffman v. Lewis, 31 Utah, 179, 87 Pac. 167.

4. CERTIORARI—GROUNDS—REVIEW OF JURISDICTION—GENERAL AP-
PEARANCE. While a special appearance may be sufficient to pre-
serve the right to a review on appeal, though a general appear-
ance has also been made, the special appearance cannot operate
to prevent the court from acquiring jurisdiction over the per-
son thus to preclude a review of the question of jurisdiction by
certiorari. (Page 449.)

5. CERTIORARI—GROUNDS—REVIEW OF INTERLOCUTORY RULING. Cer-
tiorari cannot be employed to review merely interlocutory orders
or rulings, nor to prevent threatened wrongs, but under statutes
similar to Comp. Laws 1907, section 3630, allowing the writ
when an inferior tribunal or officer exercising judicial functions
has exceeded its or his jurisdiction, and there is no appeal, nor
any plain, speedy, and adequate remedy in the judgment of the
court or judge, the office of the writ is merely to annul acts
which are clearly without or in excess of jurisdiction. (Page
451.)

*Certiorari* by H. D. Page against the Commercial Na-
tional Bank of Salt Lake City, and others.

WRIT QUASHED.

*M. E. Wilson* and *E. A. Walton* for plaintiff.

*Henderson, Pierce, Critchlow & Barrette* for defendants.

FRICK, C. J.

The plaintiff made an original application to this court
for a writ of *certiorari* directed to the above-named defend-
ants. The writ was issued as prayed for, and the defendants
have duly complied with the commands thereof by certifying
to this court a transcript of all the proceeding had in a cer-
tain action pending in the District Court of Salt Lake
County.

The controlling facts, in substance, are: That on the
21st day of July, 1909, the defendants Commercial Na-
tional Bank and H. P. Clark, as trustee, commenced an ac-
tion in the District Court of Salt Lake County against a
certain copartnership and a corporation. In the language
of the complaint in that action the defendants therein are
sued as "Page & Brinton, a copartnership, and Utah Savings

& Trust Company, a corporation." On the same day the action was commenced the district court, upon application duly made, also issued an order directed to said firm of Page & Brinton requiring it to show cause by a day fixed why a receiver should not be appointed "pending the trial of the cause for all the assets and property of the said Page & Brinton, a partnership with power to take, receive and collect all the moneys due or to become due to said defendant partnership from any and every source whatever." On the same day the complaint was filed and the order to show cause as aforesaid was issued, the sheriff of Salt Lake County made return that he served the summons issued in the action and said order to show cause "upon Page & Brinton, a copartnership, defendant, by delivering to and leaving with David B. Brinton, one of the copartners," a copy of the summons and also a certified copy of the order to show cause. On the 2d day of August, 1909, the record shows that both the plaintiffs and the defendant Page & Brinton appeared in court by their respective attorneys, and the hearing on the order to show cause was continued to the following day. The record shows, further, that on that day the parties aforesaid again appeared in court by their counsel and that after hearing evidence on behalf of plaintiffs the court appointed a receiver as prayed for. Following this, on the 9th day of August, and before the time to answer in the action had expired, the defendant Page & Brinton appeared specially by filing a motion in which it assailed the jurisdiction of the court over the person of said Page & Brinton upon the grounds that there has been no service upon said partnership or any member thereof;" that neither when the action was commenced nor when the pretended service of summons was made was there any "partnership known as Page & Brinton composed of H. D. Page and D. B. Brinton as alleged in plaintiff's complaint;" that the only service of summons that was made in the action was upon D. B. Brinton, who, at the commencement of the action or at the time the pretended service was made was not and is not now a member of the firm of Page & Brinton, and

that "at the time of all the matters referred to in said complaint the said D. B. Brinton was not, and is not now, a member of said firm." The foregoing motion was supported by an affidavit, and said Page & Brinton were given until September 9, 1909, within which to file additional affidavits "in support of said motion without prejudice to any right they now have as to their appearance." On the 18th day of August, 1909, Mr. Brinton, one of the alleged partners of the firm of Page & Brinton, filed an affidavit in which he stated that prior to the 22d day of May, 1906, there was a firm by the name of Page & Brinton; that affiant was one member thereof and that H. D. Page was the other member; that on the day aforesaid affiant sold all his interest in said firm to said H. D. Page and that since said time affiant at no time was a member of said firm. On the 1st day of September following H. D. Page of Page & Brinton filed a motion whereby he specially appeared in the action, and asked the court to quash and set aside the pretended service of summons on Page & Brinton as aforesaid upon substantially the same grounds heretofore mentioned, and upon the further ground that the return as made by the sheriff was false and untrue in that at the time the pretended service was made "there did not exist any firm or partnership by the name of Page & Brinton, nor was at said time David B. Brinton a copartner of Page & Brinton or other agent of this mover." This motion was supported by Mr. Page's affidavit wherein he reiterated the facts stated by Mr. Brinton with respect to the existence and dissolution of the copartnership of Page & Brinton, and stated, further, that since the dissolution of said copartnership "affiant has been doing business under the style of Page & Brinton." Affiant further stated that he alone was concerned in and conducted said business and that the return of the sheriff showing service on the firm of Page & Brinton by serving David B. Brinton as one of the members of said firm was false in that there was no such firm or partnership existing at said time, and said Brinton was not a member thereof, nor was he the agent of affiant. The motion of Mr. Page

remained pending until October 23, 1909, at which time plaintiff's counsel moved the court for a default as against the firm or copartnership of Page & Brinton. Counsel for Mr. Page insisted that the motion to quash the service of summons had precedence, and upon being asked by the court whether they objected to the entering of a default against the firm of Page & Brinton they said that in the sense that they had a pening motion that they did so object. After considerable argument by counsel for both sides upon the subject of whether the service of summons was sufficient and whether or not Mr. Page had appeared in the action the court overruled the motion to quash the service of summons, and the attorneys appearing for Mr. Page, upon their own request, were given "ten days in which to plead herein." Thereafter, on the 3d day of November, 1909, H. D. Page filed a general and special demurrer in the action, the introductory part of which reads as follows: "Comes now Hubert D. Paige, impleaded herein as Page & Brinton, and specially appearing for the purpose of this demurrer only,   .   .   . and without waiving his objections to the jurisdiction of the court over him," demurs on substantially the following grounds, namely: (1) That the court "has not jurisdiction over the defendant;" (2) that "the court has no jurisdiction over the subject-matter of this action;" and (3) that the "complaint does not state facts sufficient to constitute a cause of action." This demurrer it seems was still pending when this proceeding was commenced. On the 9th day of January, 1910, counsel for plaintiffs in the pending action served a notice, service of which, using defendants' counsel's own language, was accepted as the "attorneys for Hubert D. Page as Page & Brinton." The notice served as aforesaid notified said last-named attorneys that said plaintiff's counsel would apply to the district court for an order which, among other things, would require "that the defendants Hubert D. Page and David B. Brinton do within ——— days from date of this order assign in writing to the receiver appointed in this case in due and proper form for the benefit of creditors and those entitled thereto all the right, title, and interest

of the said copartnership, and of each of said copartners personally in and to all claims for money admitted by the United States . . . and all claims made or to be made by the copartnership or either of said copartners for further sums of money on account of a contract" entered into by said copartnership with the United States known as contract No. 103, dated May 19, 1906, and all rights arising under the same. After a hearing in which counsel for both sides participated the court granted the application and made an order requiring the assignment as indicated in the foregoing quotation. Immediately after the foregoing order was made by the district court, and for the purpose of preventing its enforcement, the application for a writ of *certiorari* to review the proceedings had in the district court as before stated was made to this court, and the writ was granted as stated in the opening of this opinion.

We have given a full synopsis of the proceedings had before the district court, not because we deemed it essential for the purpose of this decision, but for the purpose of showing that the proceedings had before the court were regular and in due course. The matter upon the application was submitted to us upon the affidavit of the plaintiff herein and the certified transcript of the proceedings had before the district court in the case referred to. As we understand counsel for plaintiff herein they insist that the district court exceeded its authority or jurisdiction in making the order requiring the assignment before referred to upon the grounds: (1) That the district court in the action pending therein has obtained jurisdiction of neither the copartnership of Page & Brinton nor of Mr. Page, who, it is contended, alone represented or constituted said firm; and (2) because the court in said action at no time obtained possession of any property belonging to said copartnership or in which it has any interest, or which was within the state of Utah, or within the jurisdiction of the court. Upon the other hand, counsel for the defendants herein contend that the service of summons on Mr. Brinton as made as sufficient to give the court jurisdiction over the copartnership

as such, and over its property or assets for the purpose of appointing a receiver therefor. Further, that both Mr. Brinton and Mr. Page had conferred jurisdiction upon the court of both their persons and of the firm or copartnership, by what they said and did through their counsel during the course of the proceedings, and especially by appearing and objecting to the entry of the default against the firm of Page & Brinton as stated, and that Page certainly conferred jurisdiction over himself by filing his general demurrer by which the sufficiency of the complaint was assailed. The filing of a general demurrer to a complaint no doubt constitutes a general appearance which is sufficient to confer jurisdiction over the person. (*Farnsworth v. U. P. Coal Co.*, 32 Utah 112, 89 Pac. 74; *Stone v. U. P. Ry. Co.*, 32 Utah 185, 89 Pac. 715; section 3334, Comp. Laws 1907.) Plaintiff's counsel, however, insist that in filing the general demurrer they acted under protest, and in doing so saved all the rights they had under their special appearance. The courts are not unanimous as to whether a defendant who appears specially to assail the court's jurisdiction over his person may preserve his rights under his special appearance by appearing generally under protest and subject to the special appearance. For the purposes of this decision we shall assume that a party who has preserved his rights by a special appearance may, subject to such appearance, appear generally, and may on appeal be permitted to review the orders and rulings of the court relating to the question of the jurisdiction over his person as well as those orders, rulings, and judgment made in the action after his general appearance. The controlling question in this proceeding, however, is, can a party review the orders and rulings of the court with respect to its jurisdiction over the person of such party by the special proceeding of *certiorari* in a case where he has the right to do so in the regular way by appeal? Counsel for plaintiff herein say this may be done, and in support of their contention they cite some cases from the Supreme Court of Michigan. Counsel evidently have failed to examine the statutes of Michigan

relative to the right of review by the writ of *certiorari*. Had they done so, we think they would not have insisted that what may be done by way of review under the Michigan statute by writ of *certiorari* may also be done under a similar writ in this state under our statute. Our statute is entirely different from that in force in the state of Michigan. Under the Michigan statute the writ of *certiorari*, in many cases, takes the place of our appeal, while under our statute *certiorari* does not lie in a matter like the one before us in case an appeal can be had. Section 3630, Comp. Laws 1907, so far as pertains to the powers of this court in granting writs of *certiorari* provides that "when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of said tribunal, board, or officer, *and there is no appeal,* nor in the judgment of the court or judge a plain, speedy, and adequate remedy," the writ of *certiorari* may be granted to review the proceedings of the tribunal or officer aforesaid. (Italics ours.) From the foregoing provisions two purposes are clearly apparent: (1) That the writ shall be granted by this court only to correct the usurpation or abuse amounting to usurpation of power or authority, and (2) when there is neither an appeal nor other speedy and adequate remedy by which such usurpation can be corrected. This, we think, is substantially what this court has already held. In the case of *O. S. L. R. Co. v. District Court,* 30 Utah, the present Chief Justice, in speaking for the court, at page 374, 85 Pac., at page 362, said: "This court will not permit a writ of *certiorari* to be issued to exercise the functions of an ordinary appeal to review errors or mistakes where the court acted within its jurisdiction. . . . When, therefore, it is made to appear, as is required by subsequent provisions of the statute, that the district court has exceeded its jurisdiction, *and that there is no appeal nor plain, speedy, and adequate remedy,* we have the right and power to issue a writ of *certiorari* to inquire into and review determinations made by it without or in excess of its jurisdiction." (Italics ours.) The

foregoing case is followed in *Hoffman v. Lewis*, 31 Utah 179, 87 Pac. 167.

The contention that the court acted without or in excess of jurisdiction in making the order requiring the partnership of Page & Brinton and each of the partners to assign to the receiver the claims mentioned in the order is, for the purposes of this proceeding, in our judgment, untenable. As we have shown, the order was not made until after both Mr. Brinton and Mr. Page each had generally appeared in the action. The court thus, subject to their special appearance at least, had acquired jurisdiction over them. True, the question whether such jurisdiction was acquired by the court or not was subject to review on appeal, but in our judgment is not subject to review by the writ of *certiorari*. Ordinarily we are deprived of the power to review the proceedings of the district court by issuing writs of *certiorari* when it is made to appear that the court whose orders or rulings are complained of had jurisdiction to make such orders or rulings at the time they were made. Mere errors or irregularities of such courts where jurisdiction exists cannot be reviewed by this court except on appeal. If the district court, therefore, should err in holding that service of summons in a particular manner or upon a particular person conferred jurisdiction over some other person by reason of the legal relationship existing or alleged to exist between the two persons, or if the court should err, however grossly, in holding that certain conduct or statements of the person or his counsel in open court constituted a general appearance whereby the court acquired jurisdiction over such person, such errors would not deprive the court of jurisdiction to proceed in the action and could be reviewed **3** only on appeal. This seems to us too obvious to admit of serious controversy. When service of summons is made and such service is assailed as insufficient to confer jurisdiction over the person, the question respecting the sufficiency of service must be submitted to the court for decision in which the action is commenced. Such court, it must be conceded, has jurisdiction to hear and determine the question

of whether the service is sufficient or not to confer jurisdiction. Suppose it be conceded that the service, as a matter of law, is insufficient to confer jurisdiction over the person, and this court on appeal would so hold, does it follow that the inferior court was therefore ousted of jurisdiction to proceed farther in the action or that its orders or rulings could be reviewed by the writ of *certiorari*? We think not. This must be so for various reasons. If in the case now pending in the district court that court proceeds to judgment, as it possibly will, and its judgment should be adverse to the plaintiff herein, could it be seriously contended that such a judgment was without or in excess of jurisdiction so as to permit a review of the proceedings upon which it rests by a writ of *certiorari*? We think not. In such a case the record itself would disclose that any other review except on appeal would be improper because it would affirmatively appear that all questions, including the question of jurisdiction over the person, had been submitted to and passed on by the court. The record would further show that the plaintiff had entered a general appearance in the action. True, such appearance would appear to have been subject to the special appearance, but it is also true that unless plaintiff should pursue the court's rulings in holding that it had acquired jurisdiction over him by taking an appeal he would waive the error, and the judgment could not be assailed in any other way except on appeal. This simply illustrates that while a special appearance may be sufficient to preserve the right to a review on appeal, although a general appearance has been made, yet it also is apparent that the special appearance cannot prevent the court from acquiring jurisdiction over the person so as to authorize a review of the question of jurisdiction by the writ of *certiorari*. The jurisdiction is given by the general appearance, and it exists, and the only way it can be questioned under such circumstances is by way of an appeal by which the proceedings may be reversed and set aside because the court erred in assuming jurisdiction, but not because it had no

38 Utah—29

jurisdiction to proceed at all and thus had no jurisdiction even to err. If the foregoing conclusions are not sound, then it must follow that, in every case where the sufficiency of service to confer jurisdiction over the person is in question, the court's rulings thereon may be reviewed by the writ of *certiorari*. Moreover, in a case like the one at bar where the order complained of was made a party may assail such an order in three ways: (1) By the writ of *certiorari;* (2) by refusing to comply with the order, and if imprisoned for contempt of court by suing out a writ of *habeas corpus* upon the ground that the order is void because the court was without jurisdiction; and (3) if he should fail in both of the foregoing proceedings, then ask a review of the proceedings on appeal. This alone shows the fallacy of the contention that a person in conferring jurisdiction over his person by a general appearance may nevertheless insist that the court lacked such jurisdiction because before he appeared generally he had also appeared specially, and hence his general appearance could be of no legal effect because the general appearance was in effect made under duress or compulsion. There is no duress or compulsion invovled in such a proceeding. Where one objects to the sufficiency of service to confer jurisdiction over his person and his objection is overruled he may either appear and defend the action or he may refrain from further participation therein. If he appears and defends he may perhaps nevertheless review the court's rulings relating to the jurisdiction over him on appeal, but he may not appear and defend on the merits, and then deny that the court acquired jurisdiction over him.

As to whether the court erred or not in holding the service of summons sufficient to confer jurisdiction, or in holding that the plaintiff had entered a general appearance by what his counsel did or said, or what the legal effect of such errors would be in this case, we express no opinion. Such rulings at most may constitute errors which must be reviewed on appeal, and not by writ of *certiorari*. Moreover, the writ of *certiorari* cannot be employed to review merely interlocutory orders or rulings as is attempted here.

(*Schwarz v. County Court,* 14 Colo. 44, 23 Pac. 84.)    Nor can such a writ be used as a means to prevent threatened wrongs.    The office of the writ of *certiorari* under statutes like ours is merely to annul acts which are clearly without or in excess of jurisdiction, and hence constitute usurpation of judicial power, and not to prevent in advance threatened wrongs.    (*People v. County Judge,* 40 Cal. 479; *Beeler v. Hall,* 30 Tenn. (11 Humph.) 445; *McCorkle v. Brooks,* 53 Tenn. (6 Heisk.) 601; *Sayers v. Superior Court,* 84 Cal. 642, 24 Pac. 296.) `Under the foregoing authorities the claim made by counsel for plaintiff that this court should interfere because by the order of the court requiring the assignment the plaintiff may be prejudiced can be given no effect.    The same must stand or fall upon the one question of jurisdiction.

From what has been said it follows that although a person may appear specially and by motion assail the jurisdiction of the court over his person, and in case the court errs in overruling his motion he may review the court's rulings on appeal, yet that he may not appear generally and then challenge the court's jurisdiction over his person by a writ of *certiorari.*

The writ heretofore issued, therefore, should be, and the same is hereby, quashed and set aside; defendants to recover their costs in this court.

McCARTY, J., and LEWIS, District Judge, concur.