# STATE v. SALMON.

No. 5762.  Decided November 30, 1936.  (62 P. [2d] 1315.)

*David J. Wilson,* of Ogden, and *W. W. Porter,* of Morgan, for the State.

*Ira A. Huggins,* of Ogden, for respondent.

ELIAS HANSEN, Chief Justice.

The State prosecutes this appeal from a judgment rendered by the district court of Morgan county, Utah. The judgment so appealed from was rendered in a proceeding in certiorari. The judgment ordered that a sentence imposed upon Frank Salmon by the justice of the peace of Morgan precinct, Morgan county, Utah, be annulled and the case remanded to the justice of the peace for further proceedings. There is no dispute as to the facts. They are: A complaint was filed by the justice of the peace of Morgan precinct, Morgan county, Utah, charging Frank Salmon with having committed on April 13, 1933, in Morgan county, Utah, the misdemeanor of operating an automobile without due circumspection and caution and in excess of the speed limit fixed by law. The complaint was subscribed and sworn to before the justice of the peace by Thomas Fry, the sheriff of Morgan county, Utah. After the complaint was filed, the county attorney of Morgan county directed that a warrant issue for the arrest of the defendant. The warrant was issued and the defendant arrested. He entered a plea of not guilty. On the day set for the trial, defendant Salmon appeared with his counsel. The county attorney did not appear. Attorney David J. Wilson appeared for the State and conducted the prosecution. So far as is made to appear, no objection was raised to his representing the State in the trial. When the case was called for trial, Attorney Wilson asked for and

was granted leave to file an amended complaint. Defendant through his counsel objected to the filing of the amended complaint. The objection was overruled, and the amended complaint, duly verified before the justice, was filed. Thereupon defendant asked for additional time to prepare for trial. The request was denied and the cause proceeded to trial. A jury was impaneled, witnesses were sworn and testified, and the cause submitted to the jury, which brought in a verdict of guilty. In due time, the justice of the peace imposed sentence upon the defendant that he be imprisoned in the County Jail of Morgan County, Utah, for a period of ninety days and pay a fine of $125. The jail sentence was ordered suspended in the event the imposed fine was paid. Notice of appeal to the district court of Morgan county was timely served by the defendant on Attorney David J. Wilson. When the record reached the district court, a motion was made to dismiss the appeal because the notice of appeal was not served upon the county attorney as by law required. Apparently, at the time the notice of appeal was served upon Mr. Wilson, he informed defendant that he was employed merely to conduct the prosecution before the justice of the peace and was not authorized to accept service of the notice of appeal. Be that as it may, the district court dismissed the appeal because notice thereof had not been properly served. After the attempted appeal was dismissed, defendant applied to the district court of Morgan county for a writ of certiorari. The writ was granted. The record in the cause of the proceedings had before the justice of the peace was certified to the district court. Upon a hearing had in the district court, the judgment here brought in question was entered. It was alleged in the petition filed in the district court for the writ of certiorari and there urged by defendant that the justice of the peace acted without and in excess of his jurisdiction in permitting the filing of the amended complaint upon the request of Attorney Wilson and, in the trial of the cause, with Attorney Wilson representing the State. Such is the contention made by the defendant in this

court. To the contrary, the State contends that even though Attorney Wilson was not a duly appointed and qualified deputy county attorney of Morgan county when he conducted the prosecution of the defendant before the justice of the peace, such fact did not affect the jurisdiction of the justice of the peace to proceed with the cause and pronounce judgment after the jury had rendered its verdict. No claim is made that the writ should have failed because the defendant attempted to appeal but was derelict in perfecting the same. We shall, therefore, refrain from discussing or passing upon the legal effect of such a state of facts.

"A writ of review may be granted * * * when an inferior tribunal * * * exercising judicial functions has exceeded the jurisdiction of such tribunal * * * and there is no appeal, nor, in the judgment of the court or judge, any plain, speedy and adequate remedy in the ordinary course of law; provided, that the district courts shall issue writs of certiorari to the justices' courts in the counties within their several jurisdictions in all cases where judgment has been taken in such justices' courts upon ex parte hearing or by default. Said writ shall issue at any time after judgment, and the district court shall, pursuant to said writ, inspect and review the proceedings had in the justices' court, and shall determine whether such justices' court had jurisdiction of the cause of action or the person of the defendant, and had regularly pursued its authority as prescribed by law." R. S. Utah 1933, 104-67-2.

"The review upon this writ cannot be extended further than to determine whether the inferior tribunal * * * has regularly pursued the authority of such tribunal." R. S. Utah 1933, 104-67-8.

This court is committed to the doctrine that a writ of certiorari will not issue to review mere error. Its function is limited to a review of the question of whether or not the inferior tribunal acted without or in excess of its jurisdiction. *Griffin Company* v. *Howell, Judge,* 38 Utah 357, 113 P. 326; *Page* v. *Commercial Nat. Bank of Salt Lake City,* 38 Utah 440, 112 P. 816; *MacFarlane* v. *Burton, Judge,* 64 Utah 41, 228 P. 193; *Pincock, Sheriff,* v. *Kimball, Judge,* 64 Utah 4, 228 P. 221; *Hillyard* v. *District Court of Cache County,* 68 Utah 220, 249 P. 806; *Batley* v.

*Ritchie, Judge,* 73 Utah 320, 273 P. 969; *Hilton Bros. Motor Co.* v. *District Court of Millard County,* 82 Utah 372, 25 P. (2d) 595; *Hallowel, Jones & Donald* v. *District Court of Utah County,* 82 Utah 561, 26 P. (2d) 543; *Ray* v. *Cox, Judge,* 83 Utah 499, 30 P. (2d) 1062, Respondent does not contend the law is otherwise. He contends that the justice of the peace was without jurisdiction to proceed with the trial of the cause with Attorney Wilson representing the State instead of the county attorney of Morgan county or his duly appointed and qualified deputy. In support of such contention reliance is had upon the case of *State* v. *Beddo,* 22 Utah 432, 63 P. 96, 97. In that case it was held that "the district attorney * * * had no power to sign and file the information in this case; that he, and not the county attorney, having signed and filed the information under which the defendant was prosecuted, the court acquired no jurisdiction to try the case; and that the conviction and sentence of the prisoner are void." That case bears but remotely, if at all, upon the case in hand. A complaint filed in the justices' court charging a misdemeanor need not be signed by the county attorney. By statutory enactment it must be made by any person having knowledge of the facts constituting the crime. R. S. 1933, § 105-11-2. No claim is here made that there was any irregularity in the proceedings had before the justice of the peace, excepting that Attorney Wilson conducted the prosecution without legal authority so to do. On filing the properly verified complaint, the justice was vested with jurisdiction of the subject-matter. By the arrest of the defendant pursuant to a warrant of arrest authorized by the county attorney and regularly issued by the justice of the peace, the justice acquired jurisdiction of the person of the defendant. Independent of the issuance and service of the warrant of arrest, the defendant submitted to the jurisdiction of the court by entering his plea of not guilty. Having so acquired jurisdiction of the subject-matter of the action and of the defendant, such jurisdiction continued until the cause was finally determined. Jurisdiction does not depend upon

who represents the State or whether the State is or is not represented in a criminal proceeding. Jurisdiction lies deeper than that.

Considerable is said in the briefs of counsel as to whether or not the justice of the peace had authority to appoint or permit Attorney Wilson to represent the State. Appellant contends that the justice had such authority and cites in support thereof article 8, § 10, of our State Constitution, and R. S. 1933, 88-2-12, subd. 17. Respondent contends that before Attorney Wilson could have been authorized to appear for the State it was necessary for him to have been appointed by the county commissioners; to have taken the constitutional oath of office; to have furnished such a bond as is required by order of the county commissioners, and such bond been approved. In support of such contention, reliance is had upon article 13, § 10, of the Constitution of Utah, and R. S. 1933, 19-13-7 and 19-15-1.

Having reached the conclusion that the justice's court was not divested of jurisdiction to proceed with the trial of the cause even though Attorney Wilson was without legal authority to appear for the State, it is not necessary to decide, and we do not decide, the question of whether his participation in the trial was with or without legal authority. At most, the fact that he conducted the prosecution was mere error which may not properly be reviewed in a certiorari proceeding.

It follows that the judgment appealed from should be, and it accordingly is, reversed. This cause is remanded to the district court of Morgan county, Utah, with directions to vacate the order annulling and setting aside the judgment of the justice of the peace of Morgan precinct, Morgan county, Utah, and to dismiss the petition filed in that court for a writ of certiorari.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.