## MANN v. MORRISON, Judge, et al.

No. 6603.   Decided December 30, 1943.   (144 P. 2d 543.)

16

See 21 C. J. S., Courts, sec. 15. Adequacy of other remedy as precluding issuance of writ of certiorari, note, 66 A. L. R. 1026. See, also, 10 Am. Jur. 531.

See, also, 102 Utah 282, 130 P. 2d 286.

*Arthur Woolley*, of Ogden, for plaintiff.

*Walter G. Mann*, of Brigham, and *Thatcher & Young*, of Ogden, for defendants.

LEVERICH, District Judge.

Original proceeding in certiorari and prohibition. Petitioner seeks to have reviewed the proceedings of the district court for the First Judicial District in a divorce action pending therein and to prohibit Marriner M. Morrison, as judge, hearing said action. Writ of review issued. From the record it appears that petitioner is defendant in an action for divorce commenced by David Horace Mann. Petitioner filed an answer and counterclaim to the complaint of Mann and thereafter Mann interposed a general and special demurrer and a motion to strike. At the hearing of the motion and demurrer petitioner objected to Marriner M. Morrison, as judge, hearing said cause and ruling upon the demurrer and motion on the ground that he had been appointed by the Governor of this state, who was without authority to make such appointment. Defendant Morrison overruled the general demurrer and sustained portions of the special demurrer to the counterclaim. Petitioner was given leave to amend within ten days after notice of the ruling. Petitioner having failed to amend within time, Morrison entered a judgment

upon motion of Mann, dismissing the counterclaim and proceeded to set the case on the trial calendar.

Petitioner raises two points: First, Judge Morrison exceeded the jurisdiction of the court in dismissing the counterclaim. Second: Judge Morrison was not a lawful judge sitting. We will discuss them in that order.

Section 104-67-2, R. S. U. 1933, provides:

"A writ of review may be granted by the supreme court * * * when an inferior tribunal * * * has exceeded the jurisdiction of such tribunal * * * and there is no appeal, nor, in the judgment of the court or judge, any plain, speedy and adequate remedy in the ordinary course of law * * *."

Section 104-67-8, R. S. U. 1933, provides:

"The review upon this writ [certiorari] cannot be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

This court is limited in the scope of its review on certiorari. The only matter for determination is whether the district court had judidiction or whether having jurisdiction it exceeded that jurisdiction. *Chesney et al* v. *District Court of Salt Lake County et al.*, 99 Utah 513, 108 ■ P. 2d 514; *Ray* v. *Cox, Judge, et al.*, 83 Utah 499, 30 P. 2d 1062; *State* v. *Salmon*, 90 Utah 512, 62 P. 2d 1315; *Griffin Company* v. *Howell, Judge*, 38 Utah 357, 113 P. 326; *Page* v. *Commercial Nat. Bank of Salt Lake City*, 38 Utah 440, 112 P. 816; *MacFarlane* v. *Burton, Judge*, 64 Utah 41, 228 P. 193; *Pincock, Sheriff*, v. *Kimball, Judge*, 64 Utah 4, 228 P. 221; *Hillyard* v. *District Court of Cache County*, 68 Utah 220, 249 P. 806; *Batley* v. *Ritchie, Judge*, 73 Utah 320, 273 P. 969; *Hilton Bros. Motor Co.* v. *District Court in and for Millard County*, 82 Utah 372, 25 P. 2d 595.

Justice Wolfe, speaking in the case of *Atwood* v. *Cox, District Judge*, 88 Utah 437, 55 P. 2d 377, 380, makes the following statement:

"Many definitions of jurisdiction are given in 15 C. J. 723, § 13. They all mean, fundamentally, the power or capacity given by the law

to a court, tribunal, board, body, or officer to entertain, hear, and determine certain controversies.      *    *    It does not mean that the court must speak correctly by the law. What it says may be incorrect. *    *    *    It takes a pleading to invoke the jurisdiction of the court, but, if the pleading shows that the cause or controversy relates to a subject-matter over which the court has jurisdiction, then the jurisdiction of the court is effective for the purpose of proceeding with the cause or controversy."

In the same opinion at page 452 of the Utah report, at page 384 of 55 P. 2d, it is said:

"It would appear that excess of jurisdiction means a case in which the court has initially proceeded properly within its jurisdiction but steps out of the jurisdiction in the making of some order or in the doing of some judicial act."

That the trial court had jurisdiction of the parties and of the subject matter is certain. The only question is whether the court in entering judgment of dismissal as to the counterclaim exceeded its jurisdiction.

The court having jurisdiction of the cause and parties had the power to hear and determine issues of law. Having such power or authority, a court of necessity has the authority to conclude its determination. This the court did by entering its judgment of dismissal. In the case of *Continental Life Ins. & Inv. Co.* v. *Jones et al.*, 31 Utah 403, 88 P. 229, the trial court entered judgment of dismissal after sustaining special demurrers and the plaintiff's refusal to amend. From the judgment plaintiff appealed. The Supreme Court, after holding that such a judgment was appealable, said:

"The demurrers of both defendants to the original complaint, and Whitmore's demurrer to the amended complaint having been sustained, and the plaintiff having elected to stand on its amended complaint, *the only appropriate order that could be made in the premises was a dismissal of the case.*" (Italics ours.)

In *MacAdam* v. *Scudder*, 127 Mo. 345, 30 S. W. 168, 170, on an appeal from a judgment of dismissal upon failure to amend after the granting of a motion to make more definite and certain, the Supreme Court of Missouri said:

"Upon the refusal of the plaintiff to comply with the rule [granting motion], and amend his petition, the court committed no error in dismissing the cause. This was the only alternative left to the court by which its authority could be maintained. The fact that the petition contained a statement of a cause of action is no reason why it should not have been dismissed." See, also, Graves v. Dakessian, Mo. Sup., 132 S. W. 2d 972; Overstreet et ux. v. Donnell et al., Tex. Civ. App., 75 S. W. 2d 937; Johnson et al. v. J. R. Watkins Medical Co., 66 Colo. 458, 182 P. 879; Howell et al. v. Fulton Bag & Cotton Mills et al., 188 Ga. 488, 4 S. E. 2d 181.

On this question we see no distinction between a complaint and a counterclaim. We conclude that the trial court did not exceed its jurisdiction in entering judgment for dismissal. Whether the court was in error is not to be determined in this proceeding. *Chesney et al.* v. *District Court of Salt Lake County et al.*, supra; *People's Bonded Trustee* v. *Wight, Judge et al.*, 72 Utah 587, 272 P. 200; *Pincock* v. *Kimball, Judge,* supra.

Certiorari does not lie when the judgment is appealable. *Saunders* v. *Sioux City Nursery & Seed Co.*, 6 Utah 431, 24 P. 532; *Hallowel, Jones & Donald* v. *District Court for Utah County et al.*, 82 Utah 561, 26 P. 2d 543; *Chesney et al.* v. *District Court of Salt Lake County et al.*, supra. The judgment entered by the trial court is an appealable judgment. *Continental Life Ins. & Inv. Co.* v. *Jones, et al.,* supra.

The second point raised by the petitioner is whether Marriner M. Morrison is a lawful judge of the First Judicial District. We must first determine whether Morrison's right to hold office may be attacked in this proceeding.

In 2 Spelling on Injunctions and other Extraordinary Remedies (2d Ed.) p. 1640, Sec. 1900, is found the following statement:

"The law affords an adequate and appropriate remedy for the trial of title to office by quo warranto, and certiorari is not the proper remedy." Citing cases. See, also, 4 Bancroft Code Practice and Remedies, p. 3580, Sec. 2785.

However, this point has been decided by this court in the case of *Mill* v. *Brown, Judge*, 31 Utah 473, 88 P. 609, 610, 120 Am. St. Rep. 935. In that case a writ of certiorari was issued and the record of the Juvenile Court was before the court. The petitioner attacked the judgment on the ground, among others, "that the judge of said court does not possess the legal qualifications to act as judge of said court; and that he was not chosen or appointed in accordance with law." In disposing of that point the court, speaking through Justice Frick, said:

"At the threshold of this investigation we are met by the respondent with two propositions: (1) That we cannot, in this proceeding, examine into and pass upon the constitutionality of said chapter 117; and (2) that we cannot pass upon either the regularity or manner of appointment or the qualifications of respondent. * * *

"The second objection, however, is well taken. If the acts complained of are supposed to be illegal only because the respondent was chosen or appointed under a supposed invalid law, or because he does not possess the proper qualifications, then the attack must be direct, not a collateral one. But this is so because the respondent would, in such a case, still act as judge, if not under strict legal right, then as one in fact. His legal right to act would have to be determined by a direct proceeding for that purpose." See, also, the concurring opinion of Mr. Justice McDonough in State ex rel. Jugler v. Grover et al., 102 Utah 459, 132 P. 2d 125.

We therefore conclude that the writ heretofore issued should be, and the same is hereby, quashed and set aside; defendant Mann to recover his costs incurred in this proceeding.

WOLFE, C. J., and LARSON, McDONOUGH, and MOFFAT, JJ., concur.

WADE, J., being disqualified, did not participate herein.