## MacFARLANE v. BURTON, District Judge.

No. 4149.    Decided July 19, 1924.    (228 Pac. 193.)

1. CERTIORARI—SUPREME COURT CANNOT INQUIRE INTO REGULARITY
OF PROCEEDINGS NOT IN EXCESS OF JURISDICTION.  Under Comp.
Laws 1917, § 7408, the district judge having express power
to issue writs of prohibition, the Supreme Court, on review
to determine his jurisdiction in a particular case, cannot in-
quire into the regularity of the proceedings or whether the
court erred in matters of law when the alleged irregularities
are not in excess of jurisdiction.[1]

2. CERTIORARI—WRIT OF REVIEW WILL NOT LIE WHEN WRIT OF PRO-
HIBITION ERRONEOUSLY ISSUED.  Under Comp. Laws 1917, § 7415,
making provisions relative to new trials and appeals applicable
to prohibition, and section 7377, relative to writs of review,
where a writ of prohibition is erroneously granted the remedy
is by appeal, and not by writ of review.

Original proceeding by writ of review by William G. Mac-
Farlane against Thomas H. Burton, as Judge of the District
Court of Iron County.

PROCEEDING DISMISSED

*J. M. Foster,* of Cedar City, for plaintiff.

CHERRY, J.

A writ of review was issued herein to the defendant re-
quiring him to certify to this court the record of his proceed-
ings wherein a writ of prohibition directed to the justice of
the peace of Cedar City was issued.  The plaintiff contends
that the defendant was without jurisdiction to issue the writ,
and prays that the proceedings be annulled.

The record certified to this court shows that an action was
commenced in the justice's court of Cedar City by William

---

[1] *Rohwer* v. *District Court,* 41 Utah 279, 125 Pac. 671.
See 11 C. J. §§ 26, 57.

MacFarlane, as plaintiff, against Goff & Snyder, as defendants, and that after the trial had begun the defendants filed a motion and affidavit for a change of venue upon the grounds of alleged bias and prejudice of the justice of the peace. The motion was denied. The defendants, claiming that the motion and affidavit for the change of venue ousted the justice's court of jurisdiction, applied to the district court of Iron county and obtained, without notice, a writ of prohibition, which was served upon the justice of the peace on April 26, 1924, commanding him to desist and refrain from further proceeding in the case, and to make a return of his proceedings to the district court on or before the 18th day of June, 1924. On May 7, 1924, and without any appearance or proceedings in the district court responsive to the writ of prohibition, the plaintiff applied to this court and obtained the writ of review now under consideration.

The plaintiff contends that the writ of prohibition should be annulled by this court in this proceeding for the following reasons: (1) There were no grounds for issuing the writ because the application for change of venue in the justice's court was insufficient in form and was not made before trial as required by Comp. Laws Utah 1917, § 7427, and was properly denied. (2) The writ of prohibition is peremptory in form, and, having been issued without notice, is therefore void.

While we think it perfectly clear from the record that the application for a change of venue was not made in the justice's court until after trial had commenced, and that the justice of the peace very properly denied the change, and while there is some uncertainty as to whether the writ of prohibition issued constituted a peremptory or alternative writ, neither question relates to the power or jurisdiction of the district judge to issue the writ, and they cannot be inquired into in this proceeding.

There are two reasons why this proceeding must fail: (1) The district judge having express power to issue writs of prohibition (Comp. Laws Utah 1917, § 7408), this court, on review to determine his jurisdiction in a

particular case, cannot inquire into the regularity of the proceedings or whether the court erred in matters of law when the alleged irregularities were not in excess of jurisdiction. *Rohwer* v. *District Court*, 41 Utah, 279, 125 Pac. 671. (2) Comp. Laws Utah 1917, § 7377, provides:

"A writ of review may be granted by the Supreme Court * * * when an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the court or judge, any plain, speedy, and adequate remedy. * * * "

By Comp. Laws Utah 1917, § 7415, the provisions of the Code of Civil Procedure relative to new trials in and appeals from the district court apply to proceedings in prohibition. The plaintiff therefore has an express right of appeal from the proceedings complained of which precludes him from the extraordinary remedy sought in this court. A return of the facts to the district judge, pursuant to the writ of prohibition, will afford the plaintiff an opportunity to be heard upon the merits of the proceeding as well as enable the judge to hear and determine the matter upon the facts, all of which, it seems, did not appear to him when the writ was issued. If either party is dissatisfied with the judgment his remedy is by appeal in the due course of law.

Proceedings dismissed at plaintiff's cost.

GIDEON, THURMAN, and FRICK, JJ., concur.

WEBER, C. J., did not participate herein.